## MILLARD VS. LYONS.

*Judge's " charge" — what constitutes.*

After the jury had been charged, a juror asked a question as to the rights of the parties, to which a negative answer was given without being reduced to writing. *Held*, that the answer was no part of the " charge," within the meaning of ch. 101, Laws of 1868.

APPEAL from the Circuit Court for *Fond du Lac* County.

This appears to have been an action by the lessee of a farm against his landlord, to recover a balance of accounts ;* and the defendant appealed from a judgment against him.

*D. W. C. Priest*, for appellant.

*Knowles & Babcock*, for respondent.

COLE, J.   We see no error in the rulings of the court in regard to the admission or exclusion of evidence.   The evidence offered on the part of the defendant, for the purpose of showing that the plaintiff agreed to build the fences he claimed pay for, was clearly inadmissible.   It tended to vary and contradict the written agreement. The parties had entered into a written lease, which states, with much prolixity and minuteness of detail, the terms and conditions upon which the plaintiff was to occupy and work the defendant's farm.   The evidence offered tended to vary and add to the conditions in this lease. Upon a very familiar principle, it was therefore rightly excluded.

After the circuit judge had charged the jury upon the law of the case, one of the jury asked him "whether the plaintiff had the right to use the defendant's divided grain to feed the stock and sheep."   The circuit judge answered that he would not have the right by law.   It

---

*The pleadings are not embodied in the printed " case ;" and the original record is no longer on the files of this court.

is now insisted on the part of the defendant that this answer by the circuit judge to the question of a juror was a "charge," within the meaning of chap. 101, Gen. Laws of 1868, and, not having been reduced to writing, should reverse the judgment. The word "charge," as used in that statute, was not intended to include any and every question and answer passing between the court and jury. It doubtless refers to the address made by the judge after the case has been closed, when he comments upon the testimony, or instructs the jury in any matter of law arising upon it. Suppose the circuit judge had answered the question by the monosyllable "no," which, indeed, was all his answer amounted to. Will it be claimed that before he could answer he must write the word "no," and then read it to the jury? We think it quite safe to say that the statute never contemplated any such thing. The judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.