GRANT vs. THE CONNECTICUT MUTUAL LIFE INSURANCE COMPANY.

*Parties. Notice to defend, effect of. Pleading. Burden of proof. Stamps. Charge, reducing to writing.*

1. In an action upon a life insurance policy, where plaintiff claims as assignee thereof, a verified answer containing averments, which, if true, merely show that the administrator of the assured, and not the plaintiff, is entitled to the moneys claimed, and that such administrator has commenced an action against defendant in the court of a foreign jurisdiction (where he resides) to recover the money—*held* not to show that a complete determination of the controversy cannot be had without making the administrator a party.

2. The only issue raised by the answer is, whether the plaintiff is the real

and sole party in interest; and the facts which she must prove in order to recover will constitute a complete defense to the insurance company against the claims of the administrator.

3. The administrator could not be brought in by order of court as defendant to such an action, under sec. 10, ch. 124, R. S.; and *it seems* that the provisions of ch. 168, Laws of 1864, in reference to making parties by order of court, relate only to persons within the jurisdiction of the court.

4. The defendant company, having notified the administrator of the pendency of this action, and given him permission to use its name in any defense he might desire to make, is thereby protected from any liability to pay the policy to him in case the plaintiff recovers in this action.

5. The complaint avers that the assured assigned the policy to plaintiff and constituted her his attorney to take all legal measures to recover (in his name, but for her own use,) the amount thereof, in case of his death; that defendant, on etc., had due notice of all these facts; and that it wholly neglects and refuses to pay the amount alleged to be due on the policy. *Held*, that an objection to any evidence under the complaint on the ground that it does not allege that any proof was ever furnished to the company that plaintiff had any interest in the policy, or that any demand of payment was ever made at the place where the policy is payable, was properly overruled.

6. The burden is on the party who disputes the validity of an instrument, on the ground that it was not stamped at the time of its delivery, to show that the stamp was omitted *with intent to evade the revenue laws. Rheinstrom vs. Cone* (26, Wis., 163,), adhered to; and *John vs. The State* (23 Wis., 504), modified.

7. Whether the acts of Congress affecting the admissibility of unstamped instruments as evidence, are intended to apply to state as well as federal courts, and whether, if so, they are valid as applied to state courts, are questions not here considered.

8. Remarks to the jury which were substantially a mere direction to find for the plaintiff, *held* not to constitute a " charge " within the meaning of ch. 101, Laws of 1868, which requires the charge to be reduced to writing at the request of either party.

APPEAL from the County Court of *Milwaukee* County.

Action to recover the amount due upon a life policy issued by the defendant on the life of the plaintiff's deceased son. The complaint, among other things, alleges the assignment of the policy to the plaintiff by her son on the day it was deliv-

ered to him, and the advancement by her of all the money paid for premiums; which are the only allegations denied by the answer. The affirmative allegations of the answer, upon which the defendant bases its prayer that the administrator of the deceased may be made a party to the action, and the motion for that purpose and the decision thereof sufficiently appear in the opinion of the court.

On the trial, the defendant objected to the introduction of any evidence under the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, which objection was overruled. The particular objections assigned also appear in the opinion. The original policy and the assignment thereof attached to it were admitted in evidence, against the objections of the defendant; and the plaintiff testified that she received them by mail about three days after they bore date, and that the assignment was in her deceased son's handwriting. On cross-examination, she testified that her son was owing her for advances at the date of the assignment, but she had kept no account of such advances and could not tell the amount then due her. The assignment appeared to be duly stamped when introduced in evidence, but the testimony of the plaintiff upon cross-examination raised some doubt as to its having been stamped when she received it, and as to when and by whom the stamp was affixed.

It appeared in evidence that the administrator of the deceased son was notified of this suit by the defendant, and had permission to use its name in any defense he might desire to make. After the testimony was closed, the defendant renewed its motion that such administrator be made a party defendant, which was again overruled. The defendant then asked the court to charge the jury in writing: 1. That if the jury are convinced that the assignment of the policy was not stamped in accordance with the revenue laws in force at the date of its execution and delivery to the plaintiff, they will find for the defendant. 2. That said policy was not assignable, and Allen

A. Grant had no assignable interest in the policy at the date of the assignment, and that, therefore, they must find for the defendant. Both of these instructions were refused, and no other request for a charge in writing having been made, the court charged the jury orally, as follows: "There is no proof in this case on the issues joined on the part of the defendant, and, the assignment produced in court being duly stamped, you cannot go behind to inquire when it was stamped, the presumption being that it was duly stamped within the law; and you must find a verdict for the plaintiff," which instruction was immediately afterward entered by the court in its minutes, the reporter not being present; and the defendant excepted to it.

Verdict for the plaintiff; and a motion for a new trial on the ground of the error of the court in giving such charge orally having been denied, a judgment was entered in accordance with the verdict, and the defendant appealed.

*Waldo & Van Valkenburg*, for appellants, contended that under sec. 1. ch. 168, laws of 1864, it was the duty of the court to make the administrator of the deceased son a party defendant to this suit; that the complaint did not show that the plaintiff furnished proof to the defendant of her interest in the policy, or demanded payment at the place where the policy was payable, or elsewhere, and was, therefore, insufficient; that the assignment not being stamped, as required by sec. 158. ch. 184, U. S. statutes of 1866, when executed and delivered, was invalid and not admissible in evidence; and that the oral remarks made by the judge to the jury, constituted a charge, and because they were not first reduced to writing the judgment must, under chap. 101, laws of 1868, be reversed on appeal, citing *Millard v. Lyons*, 25 Wis., 516; *Patterson v. Ball*, 19 Wis., 243.

*Carys* and *Cottrill*, for respondent, contended that the defendants' motions to make the administrator a party were properly overruled, because made without proper notice to the plaintiff, citing *Corwith v. State Bank*, 8 Wis., 376; *Butler v. Mitchell*, 17 id., 52; that the answer did not show that the administrator

had in fact any title to the policy or the moneys due thereon, but merely that he claimed certain things, and was in that respect frivolous; that the only issue raised by the pleadings was whether the policy had been assigned as stated in the complaint, a complete determination of which could be had without bringing in the administrator as a defendant; that the defendants' remedy, if any existed, was by interpleader, the statute of 1864 not being a substitute for that remedy, as provided for by section 22, ch. 122, R. S., nor for the equity practice in relation thereto; but the defendant could not litigate the question of the assignment and at the same time interplead, citing *Marvin v. Elwood*, 11 Paige, 365; *Oppenheim v. Wolfe*, 3 Sandf. Ch., 571; *Newton v. Moody*, 7 Dowling, 582; *VanBuskirk v. Roy*, 8 How. Pr., 425; *N. Y. & N. H. R. R. Co. v. Schuyler*, 1 Abb., 417; *Eagleson v Clark*, 2 Abb., 364; that the act of 1864 was not applicable to this case, nor to any except equitable actions; that if the assignment was not stamped before delivery, which was not proved, it would yet be valid unless the stamp was omitted " with intent to evade " the revenue act, citing *Beebe v. Hutton*, 47 Barb., 187; *New Haven and Northampton Co. v. Quintard*, 6 Abb. Pr., N. S. 128, and S. C. 37 How. Pr. 29; *Tripp v. Bishop*, 56 Penn., 424; *Carpenter v. Snelling*, 97 Mass., 452; *Lynch v. Morse*, in note to same; *Gibson v. Hibbard*, 13 Mich., 214; and that if the oral remarks made by the judge to the jury be considered a charge, they might properly be delivered orally under chap. 89, laws of 1871, and taken down by the official phonographic reporter; but it was not a charge at all but a mere directing of the verdict, citing *Millard v. Lyons*, 25 Wis., 516.

COLE, J.   This action is brought upon a policy of insurance issued by the defendant on the life of *Allen A. Grant*, deceased, and claimed by the plaintiff to have been assigned to her by him on or about the day of its date.   The company in its answer alleges that the insured died in Washington in the Dis-

trict of Columbia, in the year 1870, and that afterwards, and about the 10th of January, 1871, one *Albert Grant*, was duly appointed administrator of the estate of *Allen A. Grant* by the Supreme Court of said District of Columbia, which had jurisdiction of said matter; that the administrator qualified and entered upon the duties of such administrator, and claims and insists that the assignment of said policy of insurance to the plaintiff (if one was in fact made) was made simply and only as a security for a small sum of money not to exceed $600, before then loaned by the plaintiff to the insured; and that the money or a portion thereof has been repaid, and that the right of the plaintiff, if any, to said policy, is only a lien for the money loaned, which has been partially or fully paid, and that the said policy and the proceeds thereof belong to him, the administrator. The company further stated in its answer, that the administrator had filed his bill of complaint in the Supreme Court of said District of Columbia, against the plaintiff in this action and this defendant, for the collection of said policy of insurance and the sum due thereon, and had served an order, issued out of said court, upon this defendant, enjoining and restraining it from paying the sum secured by the policy of insurance to the plaintiff, and that that suit is still pending; further, that it was ready and willing to pay the amount due on the policy to the person to whom it rightfully belongs; and alleges and claims that a complete determination of the controversy involved in this action cannot be had without the presence of the administrator, who was interested in the subject matter of the controversy and should be protected; and prayed that such administrator be made a party to this action.

Afterwards, on the trial of the cause in the county court, the defendant, before a jury was empannelled and sworn, moved orally, without having given any notice of such motion, in writing or otherwise, that the court upon the pleadings enter an order making the administrator a party to the action, which motion being opposed by the plaintiff, was denied. This ruling

of the court, it is insisted, was error.   And the statute relied upon in support of this position is chapter 168, laws 1864, which, in substance, provides that whenever it shall appear to the court in which an action is pending, by affidavit or the verified answer of a party to the action, that a complete determination of the controversy cannot be had without the presence of other parties, or that any person not a party to the action is interested in the subject matter of the controversy, and whose interests in such subject matter are such as should be protected, it is made the duty of the court, at the instance of any party to the action, to enter an order making the person so interested a party to the action.   Now, without stopping to consider the objections taken on the part of the plaintiff to the manner of the application to have the administrator made a party, we will say that we see no sufficient reason for bringing him before the court in this cause.   The issue raised by the answer was whether this action was prosecuted in the name of the real party in interest.   And this, of course, depended upon the question whether the policy of insurance had been properly assigned to the plaintiff, by Allen A. Grant, and whether she had the right to collect and control the proceeds thereof.   If she had, then she was the only person interested in the subject matter of the controversy, and the only party that the company could insist should be before the court in order to be protected in the payment of the money due on the policy.   And, if the policy had not been assigned to plaintiff, and she did not own it and the money due upon it, then she must inevitably fail in the action.

The facts which the plaintiff must prove in order to recover, would constitute a complete defense to an action brought by the administrator on the policy.   For, if the insurance money belonged to the plaintiff, then the administrator had nothing to do with it.   And whether it did in fact belong to her, was the issue raised by the pleadings.   Besides, we do not very well see how the court could bring in the administrator, he being a non-resident.   We do not think that he could be brought in under

any of the subdivisions of section 10, chap. 124, R. S. And it seems to us that the cases provided for by the law of 1864, where the court is authorized to "prescribe the manner in which" the copy of the order and notice of the suit "shall be served, and also the time within which such person or persons so served shall appear and file an answer," relate to cases where the parties are within the jurisdiction of the court. Moreover, it may be added in this connection, that the bill of exceptions shows that the company notified the administrator of the pendency of this action, and gave him permission to use its name in any defense he might desire to make. This fact might not have been known to the court when it decided the motion, but it shows, nevertheless, that the administrator has had a full opportunity to contest the right of the plaintiff to the insurance money under the answer of the defendant. But upon the merits, as we have before stated, we think the application was properly denied. For, if the plaintiff showed, as she must do in order to recover, that the policy had been legally assigned to her by *Allen A. Grant*, and that she was entitled to the money due thereon, then the administrator had no interest whatever in the controversy. And the company had taken the requisite steps to protect itself against the liability to pay the policy twice, and was only interested in paying it to the real owner. We therefore can see no reason why the relief asked in its answer, that the administrator be made a party, should be granted. The defendant also objected on the trial to the introduction of any evidence under the complaint, for the reason that it did not state facts sufficient to constitute a cause of action.

The particular objection taken to the complaint is, that it does not aver that any proof was ever made or furnished the company that the plaintiff had any interest in the policy sued on, or that any demand of payment was ever made upon the company at Hartford, Connecticut, where by its terms the policy was payable. It is alleged in the fifth paragraph of the complaint that *Allen A. Grant*, on the 15th day of July, 1868, duly

assigned unto the plaintiff all his right, title and interest in the policy, and constituted the plaintiff his attorney in his name but for her own use, to take all legal measures for the complete recovery of the amount mentioned in the policy in case of his death ; " of all which the defendant on the 4th day of October 1870, had due notice." In the sixth paragraph the amount due upon the policy is stated, which sum it is averred " the defendant wholly neglected and refuses to pay the plaintiff." This reference to the complaint shows that the objection is not well taken. It is further objected that the original asignment of the policy should not have been admitted in evidence for the reason that it was not stamped at the time of its execution and delivery, as required by the act of congress. The original assignment, however, was duly stamped when offered in evidence, but the plaintiff among other things, testified on cross-examination, " that she did not think there was any internal revenue stamps on the assignment introduced in evidence at the time when she first received it, and that if there was, it must have been got off ; that she did not put the stamp on the assignment or know who did so, and that she did not think that the writing on the stamp did look like the hand-writing of her son Allen, and she thought "it was not his hand-writing ; also that she did not know who did affiix a stamp to such assignment, nor when it was affixed thereto, and further that she could not remember whether the assignment was stamped when she received it, but supposed that her son had done the business legally." This is substantially all the evidence there was upon the point as to when the assignment was stamped, and the court was asked on the part of the defendant to instruct the jury that if they were convinced the assignment of the policy was not stamped in accordance with the revenue law in force at the date of its execution and delivery to the plaintiff they must find for the defendant. This instruction the court refused to give, and to the refusal to give the same, the defendant excepted.

In the case of *Rheinstrom v. Cone et al.*, (unreported,) this court,

following the great current of authority where the question has arisen, decided that an unstamped note was not invalid unless the requisite stamp was omitted with the intent to evade the revenue laws of congress. That is as far as this court has had occasion to go in giving a construction to those enactments. We are quite well aware of the fact that some of the most respectable tribunals of the country have decided that these enactments were limited to the courts of the United States, and did not apply to the state courts (*Carpenter v. Snelling*, 97 Mass., 452; *Green v. Holway*, 101 do., 243; *People ex rel. Barbour v. Gates*, 43 N. Y., 40; *Craig v. Dimock*, 47 Ill., 308; *Clemens v. Conrad*, 19 Mich., 170; *Weltners v. Riggs*, 3 West Virg., 445; *Hunter v. Cobb*, 1 Bush. (Ky.) 339; and *Spooner v. Eifler*, 1 Heiskell (Tenn.) 633), while some of them deny altogether the power of congress to prescribe rules of evidence in respect to contracts which shall be binding upon the state courts, even if it should attempt to exercise such a power by declaring that all contracts not duly stamped should be void everywhere. It is not, however, essential to the disposition of the case before us to enter upon the field of discussion, and to determine whether it was the intention of congress to limit these statutes to the courts of the United States; or, if that was not the intention, whether congress has the constitutional power to make them binding upon the state courts, since, under the decision in *Rheinstrom v. Cone, supra*, the assignment, if unstamped at the date of its execution, was not invalid unless the proper stamp was omitted with the intent to defraud the provisions of the act. Although the assignment, when offered in evidence, was duly stamped, yet there was some slight evidence in favor of the presumption that the stamp was not on the assignment when the plaintiff received it from the insured. And, this being so, the further question arises upon which party was the burden of showing that, even if the stamp was omitted in the first instance, this was not done with a fraudulent intent. In *Rheinstrom v. Cone*, the holder of the note voluntarily as-

sumed the burden of showing that the omission to stamp was not with the intent to evade the revenue law; yet the Chief Justice remarks in that case, that probably no presumption of fraudulent intent would arise from the mere omission to affix the proper stamp. And, upon a fuller consideration of the question, we are satisfied that this is a correct view of the law upon the subject. And this conclusion is founded upon the considerations suggested by the Chief Justice in the case last mentioned, viz.: that this enactment is highly penal in its character and must therefore receive a strict construction, and that the presumption of guilt will not be made from a state of facts entirely consistent with innocence. It is obvious that a party may omit to stamp an instrument from mere mistake or inadvertance; and therefore the fact that the instrument is not stamped when issued, is not a circumstance from which fraud or an inference unfavorable to a party can be justly assumed. Such, we understand, likewise, to be the effect of the decisions in *Green v. Holway, supra,* and *Hanford v. Obrecht,* 49 Ill., 146.

It is proper in this connection to make a remark upon the case of *John v. The State,* 23 Wis., 504. There a party was indicted for forging an indorsement upon a draft. After conviction a motion in arrest of judgment was made upon the ground that there was no allegation that the draft was stamped. This court thought the motion should have been sustained for the reason that it did not appear that the draft was of any validity. In the opinion, Mr. Justice Paine says that there can be no doubt that under the act of congress an unstamped draft is void. Our attention, however, was not called in that case to the decisions upon the act of congress, and to the fact that the words "with intent to evade the provision of the act" were connected with and qualified the clause declaring an unstamped instrument invalid. The broad language used by Mr. Justice Paine is, doubtless, incorrect, and needs some qualification.

But that such laws as we are considering are to be strictly

construed, is the language of all the authorities.  See *Adams v. Bancroft*, 3 Sumner R., 384.   And, as in this case, there was no evidence offered to show that, if the assignment of the policy was unstamped when executed by the assignor, the stamp had been omitted with the intent to defraud the revenue law, there was no question of fact to be passed upon by the jury.

The last objection taken by the defendant, is that the judgment must be reversed for the reason that the charge of the court was not reduced to writing before it was given to the jury.   The court told the jury that there was no proof in the case on the issues joined on the part of the defendant, and the assignment produced in court being duly stamped they could not go behind to enquire when it was stamped, the presumption being that it was duly stamped within the law, that they must find a verdict for the plaintiff.

This was substantially nothing more than directing the jury to find for the plaintiff.   We do not think such a direction is a charge within the meaning and intent of chapter 101, Laws, 1868.

It follows from these views that the judgment of the county court must be affirmed.

*By the Court.*   Judgment affirmed.