Woods, J.
— Suit by appellant against tbe appellees for the alleged balance due on a promissory note. Answer, denial and payment by George McPheeters. Yerdict and judgment for the appellees.
The only question made here is whether the court erred in withdrawing certain testimony from the jury. The defendant George McPheeters testified as a witness in behalf of himself and his co-defendants, in support of the plea of payment, and, on cross examination, said: “I was present at the residence of Samuel McClanahan, in Salem, on the 26th of March, 1878. Mr. Lawler, Mr. an<3. Mrs. McClanahan and my mother were there. * * * I did not say, at that time, place, and in the presence of the parties named, in reply to a statement made by Mr. Lawler to Mrs. Mc-Clanahan (that it would require her to furnish about $800, including the $419.45 already advanced to complete the payments for the land), T think that is about right.’ I heard no such conversation.”
Upon this foundation, laid in the cross examination of said witness, the plaintiff in rebuttal introduced Samuel Mc-Clanahan as a witness, and concerning his testimony the record is as follows :
“Ques. Did the defendant George McPheeters, at your house in Salem, on the 26th day of March, 1878, in the presence of Elizabeth McPheeters, Mrs. McClanahan and yourself, say, in reply to the statement made by Mr. Lawler to Mrs. McClanahan, that it would require her to furnish /about $800, including the $419.45 already advanced, to complete the payment for the land, T think that is about right.’ The witness answered': T can’t recollect whether that is the ■date ; I can’t tell if it was three or six months ago ; it was the only time they were ever there together when I was present.’ Here the defendants objected to the witness answering further, unless he could state that the conversation occurred on the 26th day of March, 1878, the exact date fixed by the *579 ■plaintiff in his question to George McPheeters. The court decided that the witness might answer, but notified the parties that his testimony would be withdrawn from the jury, if the court, on further examination, should conclude it was not admissible. The witness then answered: ‘George said, “I think that is about right.” ’ Cross-examined: ‘Gentlemen, I can not state the day or the month on which that conversation occurred at my house; I paid no attention to the date.’ ”
The evidence being all in, the court instructed the jury .that it had concluded that the testimony of this witness was inadmissible, and the same was withdrawn, and they should not consider it. The plaintiff excepted.
The counsel for the appellees claim that the action of the court as set forth can not be reviewed by this court, because not made a ground for a new trial in the motion therefor. In reference to this subject, the motion for a new trial contains this : “2d. Error of law occurring at the trial, etc., in •this, that the court erred in excluding from the consideration -of the jury the evidence of Samuel McClanahan, a competent witness, which evidence consisted of a conversation between ■the plaintiff and the defendant George McPheeters, at the residence of the witness.”
This was sufficiently explicit to recall the attention of the--court to the ruling complained of, and is, therefore, sufficient to present the question here. It is not, as counsel for -the appellees contend, a question arising on an instruction of the court to the jury. Instructions proper are directions in reference to the law of the case; but that which the couri said in reference to the testimony under consideration was ■simply a ruling of the court withdrawing the evidence from the jury, and the motion for a new trial properly referred to it.as such. Stanley v. Sutherland, 54 Ind. 339. Neither is there anything in the suggestion that the record fails to show the object for which the testimony was attempted to be in- *580 trod'uced, or what facts were expected to be established by the witness. If this witness had not been allowed to give his testimony at all, there would doubtless be pertinency in these considerations ; but the testimony having gone to the jury, it was needless to inform the court that it was expected to elicit from the witness that which the witness had already said, and the court having withdrawn the testimony from the jury, an exception to the action of the court is sufficient,, without any statement concerning the character or purpose of the evidence.
The testimony so excluded had a direct tendency to contradict, or at least discredit, the testimony of said George MePheeters, in regard to the payments in dispute, and was properly admissible by way of impeachment and in rebuttal. It may possibly be that the appellant was not harmed by the exclusion, and that the result would have been the same with the testimony in, which was ruled out. Counsel should rather have thought of this, when moving the court to the commission of the error. We can not say that the error was harmless. While it is necessary, in laying the foundation for impeaching a witnesss by proof of contradictory statements, that the time, place and persons present shall be given, it is not necessary that the impeaching witness, when ■ called, shall be able to swear to the exact date. It is enough if it appear, as it clearly did appear in this case, that the impeaching witness is about to speak in reference to the same declaration or conversation to which the attention of the principal witness had been called.
This court has said : “The rule upon this subject is a practical one, and is founded upon clear principles of common sense. The exact time of a conversation it is often impossible to fix, and to require it would be simply to cut off all opportunity of impeachment in such cases. The object to-be attained is to call the witness’ attention to a particular conversation, so that he may not be taken by surprise. ' *
*581 * * Usually, dates are the least efficient of all means which can be.used to refresh one’s memory of events, and sometimes they afford no aid whatever. Each case depends somewhat on its own circumstances.” Bennett v. O'Byrne, 23 Ind. 604 ; Wilkerson v. Rust, 57 Ind. 172.
Judgment reversed, with costs, and with instructions to .grant a new trial.