GEORGE G. BOGGS v. THE UNITED STATES.

(Filed Sept. 4, 1900.)

1. INSTRUCTIONS. Under the laws of this territory the giving of oral instructions by the court to the jury, if objected to by the defendant, and when exceptions are saved thereto, is reversible error. But every communication between the court and the jury on the trial of the cause is not necessarily an instruction. Only when the statements of the court amount to a positive direction as to the law of the case will such statements be regarded as an instruction within the meaning of the statute, requiring the instructions of the court to the jury to be in writing.

2. WEIGHT OF EVIDENCE. Where a conviction is had upon the testimony of expert witnesses, if the jury have been properly instructed as to the law, on appeal this court will not invade the province of the jury, to determine the weight and credibility of the witnesses or the degree of credence to be given to their testimony; if, upon an examination of the entire record, this court is satisfied that there is evidence in the case which reasonably tends to sustain their findings, the verdict of the jury will not be disturbed.

3. TECHNICAL ERRORS. On appeal this court will render judgment without regard to errors or defects which are purely technical, and will not consider exceptions which do not affect the substantial rights of the parties.

(Syllabus by the Court.)

*Appeal from the District Court of Pottawatomie County; before B. F. Burwell, District Judge.*

*J. H. Wood, R. E. Wood* and *H. H. Howard,* for plaintiff in error.

*John W. Scothorn, United States Attorney, B. S. McGuire* and *I. M. Keys, Assistant United States Attorneys,* for defendant in error.

STATEMENT OF THE CASE.

The defendant was tried at the March term, 1899, on an indictment containing seven counts, charging in as many different ways the same offense: that he secreted, embezzled or destroyed a package containing a registered letter that was being transmitted through the United States mails, and which had come into his possession in the regular course of his official duties as postmaster of Shawnee, Oklahoma Territory  To this indictment the defendant filed a motion to set aside, which was by the court overruled, and exception saved by the defendant, and afterward defendant filed a demurrer to the indictment, which was by the court overruled, to which defendant excepted; defendant then entered a plea of not guilty, and afterwards, to-wit, on the 21st day of March, 1899, the said cause came on for trial. After hearing the evidence, and the instructions of the court, as well as arguments of counsel, the jury retired to consider of their verdict, and afterwards, to-wit, on the 25th day of March, 1899, the jury not having agreed upon a verdict, were by the order of court brought into court, all parties being present, and the following communication passed between the court and jury:

"Question. The court  'Gentleman, have you agreed upon a verdict?' Answer: By the foreman: 'No sir, we have not.'

"Q. The court: 'Do not state how you stand at all, but I want to ask you a few questions: What seems to be the trouble? Do you not understand the instructions, or is it a difference as to the facts and the evidence?' A. Foreman: 'I am unable to say.'

"Q. The court: 'What do you say—the next juror?' A. 'I think the difference is in regard to the evidence.'

"Q. The court: 'Do all the rest of you agree that that is the trouble?' A. Yes, sir.

"Q. The court: 'Well, is there a difference as to what the facts are, or as to what the evidence that was introduced establishes?' A. Juror: 'Yes, sir, as to what the evidence establishes.'

"Q. The court: 'There does not seem to be any difference as to what the evidence really is?' A. No sir.

"Q. The court: 'But the difference is as to what it proves?' All answer in the affirmative.

"Q. The court: 'What do you think the possibilities are for arriving at a verdict from further deliberations?' A. By juror: 'It seems like it was a pretty poor chance to me.'

"Q. The court: 'What do the rest of you gentlemen think?' A. Jurors: 'We think it is almost impossible.'

"Q. The court: 'You have considered every phase of it that would enable you to arrive at a verdict?' All answer in the affirmative.

"The court: 'I hardly fell justified, gentlemen, in discharging you, at this time, I think I will direct you to return to your room, and consider the matter further. Of course it is not the intention or desire of the court to keep you out to compel you to arrive at a verdict—nothing of the kind; all the court wants, and all the law requires, is that you give this matter your honest, candid, careful consideration, and if you can arrive at a verdict honestly and conscientiously and correctly, as you view the evidence in the case, of course it is your duty to do it, but you should not sacrifice your own views, if you believe them to be correct, simply for the purpose of arriving at a verdict, that you ought not to do; but it is your duty to consider the evidence, talk it over, and arrive at a verdict if you can conscientiously.'

A juror: 'I would like to ask if we would be allowed to bring in a verdict different from any of these forms that we have?'

"The court: 'If you desire to submit—of course I don't know what kind of a verdict you could possibly bring in other than one of these that were submitted; there is just the one issue that is before you, as to whether or not this defendant is guilty. That is the only question. If you will read the instructions as to this particular point, I think they are plain, if he concealed or secreted, embezzled or destroyed, if he did any one of these why he is guilty, or if he did all of these he is guilty, there would be no difference in the crime at all. I cannot conceive of any other verdict that should be returned, except guilty or not guilty of some one of the offenses or that offense. Do you mean by a different verdict one that does not include all of the counts in the indictment?'

"Juror: 'Yes sir.'

"The court: 'You can return a verdict on any one of the counts, or on any number of them, or all of them.'

"By a juror: 'I will ask you a question. I do not know whether it will be right or not. There is some of these charges that this jury, none of us understand the penalty to. That seems to be the trouble.'

"The court:. 'Gentlemen, in that connection the court will instruct you that you absolutely have nothing to do with the penalty that is attached to a crime; that you are not to determine. No matter how wise or unwise our legislators may have been, they took that out of your province to say as to what punishment should be inflicted upon a party when found guilty; the issue that is submitted to you and the only issue for you to determine is as to whether or not he is guilty of this charge, and you have no right to take into consideration the punishment that might be inflicted. You are to try and to determine the truth of this charge, not as to how much he might be punished if he is found guilty.' "

To all of the remarks of the court defendants excepted, for the reason that the same were not in writing. The

jury then retired, and afterwards on the same day the jury returned the following verdict:

"We the jury empanelled and sworn in the above entitled cause, do on our oaths find the defendant George G. Boggs, guilty of secreting letters containing enclosures as charged in the third, fifth, sixth and seventh counts of the indictment.

"G. F. PRICE, foreman."

Which verdict was filed by the clerk and read, in open court. To which defendant excepted. Defendant filed his motion for new trial in the statutory form, and within the statutory time, which motion was by the court overruled, to which defendant excepted. Defendant is then sentenced by the court to one year and one day imprisonment on each of said counts, in the United States federal penitentiary at Ft. Leavenworth, in the state of Kansas, to which defendant excepts, assigns the same as error, and brings the case here for review.

Opinion of the court by

IRWIN, J.: The first assignment of error that is urged by the plaintiff in error for a reversal of this case, is that there was not sufficient evidence to sustain the verdict of the jury in the court below, and as an argument in support of this they refer to the fact that the prosecution rely almost entirely upon the testimony of the expert, Professor Tolman, on handwriting; and counsel give a very learned and eloquent dissertion on expert testimony, and its general unreliability, which might, and probably would have had great weight with the jury, as it was their province to weigh, examine and determine the degree of credence and amount of belief to give to this testimony. We think an examination of the record

will disclose that there were many circumstances developed by the evidence that, taken in connection with the tstimony of the expert, may have materially aided the jury in arriving at their verdict. But, even conceding what is claimed by plaintiff in error, that the only testimony was that of the expert, Tolman, it was the peculiar province of the trial jury to weigh theevidence and determine its truth or falsity, and to decide what weight it shall have, and in accordance with the rule so often announced by this court,

"That when the jury have been properly instructed as to the law, and the evidence reasonably tends to sustain their findings, this court will not invade the province of the jury, to weigh the evidence and will not disturb the verdict."

The second assignment of error is that the court, while the jury was deliberating upon their verdict, after being instructed in writing as to the law of the case, and before a verdict was reached, called the jury into open court and gave them oral instructions, without the consent of the defendant. Now if this contention of plaintiff in error is sustained by the record, then there would be no doubt, but under the law of this territory this would be reversible error. Hence, as to this assignment of error, this case turns entirely upon the question, Were the remarks of the court to the jury an instruction within the meaning of the statute, which requires all instructions to be in writing? This brings us to a consideration of the meaning of an instruction as defined by the courts and law writers. In the case of *Lehman v. Hawks et al.* 121 Ind. 541, the Indiana supreme court defines an instruction to be:

"An exposition of the principles of law applicable to a case or some branch or phase of a case, which the jury

are bound to apply in order to render a verdict establishing the rights of the parties in accordance with the facts proven."

The same court in the case of *Lawler v. McPheeters*, 73 Ind. 577, say:

"Instructions proper are directions in reference to the law of the case."

Bouvier, in his Law Dictionary, gives this definition of the word charge, which in our law is synonomous with instruction:

"Charging a jury is stating the precise principles of law applicable to the case, immediately in question."

In the case of *McAllister v. Mount*, 73 Ind. 567, the court says:

"The essential idea of a charge is that it is authoritative as an exposition of the law, which the jury are bound by their oath and by moral obligation to obey."

In *Bradley et al. v. Waddell et al.* 95 Ind. 175, it is said:

"A direction to the jury to reject evidence, as to the form of verdict, or the like, is not an instruction within the meaning of the statute"

In support of this they there cite with approval *McAllister v. Mount*, 73 Ind. 567, *Lawler v. McPheeters*, 73 Ind. 577; *State v. Sutherland*, 54 Ind. 339; *Tratman v. Wilcy*, 85 Ind. 33.

The distinguished and learned author of our splendid work on pleading and practice, after carefully compiling the most reliable definitions of the term charge or instruction, and after a careful and painstaking investigation of the subject, as a general, careful and accurate definition of the term, uses the following clear, concise and unmistakable language:

"In conclusion it may be stated that nothing short of a positive direction as to the law applicable to the case will be construed an instruction within the meaning of the statute." (Book 11 p. 259 Encyclopedia of Pleading and Practice.)

In this connection it may be well to consider some of the oral remarks by the court to the jury which the courts have held not to be an instruction within the meaning of the statute, requiring all instructions to be reduced to writing. The language of the Indiana statute in reference to written instructions is:

"When the arguments of the cause are concluded the court should give general instructions to the jury which shall be in writing and be numbered and signed by the judge, if required by either party."

In the case of *Stanley v. Sutherland*, 54 Ind. 329, the trial judge said orally to the jury, speaking of some of the defendant's evidence: "Gentlemen of the jury, I instruct you that this evidence will have no bearing on the case unless the plaintiff is connected with it in some way, or the fact brought to the knowledge of the plaintiff." *Held*, that this statement did not constitute an instruction within the meaning of the statute. The supreme court said:

"Literally the word instruction may apply to any direction given by the court to the jury, but as used in the statute, making it incumbent on the court to reduce its instructions to writing, it relates to the law of the case, and may properly be said to mean an exposition of the principles of law applicable to a case or some branch or phase of a case which the jury are bound to apply in order to render a verdict establishing the rights of the parties in accordance with the facts proven."

The language of the Michigan statute on this subject is as follows:

"The court shall in no case orally qualify, modify or in any manner explain the written charge."

In the case of *O'Donnell v. Sigor*, 25 Mich. 379, the trial judge made this oral statement to the jury in explanation of his written charge: "The bringing of a suit for exempt property, or claiming it was exempt, was justified by law, and must be so regarded by the jury as well as by the court." To which remark the defendant objected and excepted. *Held*, not to be error. The supreme court say: "We can readily see that this was the expression of a mere legal truism, which could not and did not modify the effect of any of the written charges given, and consequently cannot be treated as error."

In Colorado the language of the statute is:

"The instruction shall be reduced to writing, and may be taken by the jury on their retirement and returned by them with their verdict."

In the case of *Strepey v. Stark, et al.* 7 Col. 623, after the jury had been out a considerable time, without agreeing upon a verdict, the trial judge called them in and addressed them orally at length calling their attention to the disastrous effect to litigants, and the hardships to the public, on account of the failure of juries to agree upon a verdict at the end of protracted litigation, calling the attention of the jury to the fact that this was the third trial of the present case, and it was the desire of the court to secure a verdict if it was within the bounds of possibility, at the same time telling them that his remarks were not intended and should not be understood or construed in any other way than to impress upon the

minds of the jury the importance of an agreement. *Held,* not to be error.

In California the statute reads:

"In no case shall any charge or instruction be given the jury otherwise than in writing, unless by the mutual consent of the parties."

In the case of *People v. Jackson,* 57 Cal. 316, after deliberating for a considerable time, without arriving at a verdict, the jury came into court and asked the question: "What is the least punishment for the crime of grand larceny?" The trial judge answered: "You have nothing to do with the punishment." *Held,* proper and no error.

In Missouri the statute provides:

"In no original case shall the court give to the jury any charge or instruction on any question of law or fact, except the same be in writing, and filed in the case, and if any court shall violate the statute the party may except, and the judgment shall be reversed."

In *State v. Gord,* 132 Mo. 127, the trial judge said orally to the jury: "I caution you gentlemen to distinguish between questions asked by counsel, and the answer excluded by the court, and the matters testified to on the stand by the permission of the court." *Held,* not to be error, as not being an instruction within the meaning of the statute.

In the case of *Hasbrouck v. City of Milwaukee,* 21 Wis. 217, the trial judge prefaced his written charge with oral remarks as follows: "During the long and fatiguing trial the court may have become impatient at the delays of counsel, and made remarks that may possibly have influenced some juror. I wish it specifically understood that nothing I have said was intended to influence unduly the verdict of the jury, and I do not wish any juror to be

influenced in the least by it. In submitting this case to you I will not comment at all upon the evidence, leaving you to weigh it all in your own judgment, and bring in your verdict accordingly." *Held*, not to be error.

In the case of *Millard v. Lyons*, 25 Wis. 516, a juror after reading the written charge asked: "Whether the plaintiff had a right to use the defendant's divided grain to feed the stock and sheep?" The trial judge answered, orally: "He would not have the right by law." This was held no part of the charge, the supreme court saying: "The question might have been answered by the simple word "no," and that it would be nonsense to require the court to write the word and then read it to the jury.

In *Grant v. Insurance Company*, 29 Wis. 125, the trial court said to the jury: "The defendant has offered no evidence to sustain the issues he has presented, and the plaintiff's proof being conclusive, you must find a verdict for the plaintiff." This was held no violation of the statute.

In the case of *State v. Jones*, 7 Nev. 409, which was a trial for larceny, the trial judge made oral remarks to the jury as follows:

"The court is not desirous of punishing the jury, but as it is a great expense to the county, and a venire of seventy-five jurors has already been exhausted, and this trial has taken a great deal of time already, and it is very doubtful if another jury can be got in this county to try this man, I will give you an instruction upon the point on which you were in doubt last night, and it may aid you to make up a verdict."

He then read over one of the instructions included in the written charge. In passing upon this assignment of

error, the court, speaking through Justice Lewis, says:

"It was not a statement of the law governing the case, nor an instruction in any manner directing the jury how to find a verdict; it is in no sense a charge; the law of the case had been previously given to them, and they were fully aware of the gravity of the duty imposed upon them. Clearly the immediate tendency of the remarks was simply to induce a more careful and anxious consideration of the case, to let the jury understand that they should make an effort to agree upon a verdict, simply, but not contrary to the evidence, law or the rights of the defendants. No such conclusions can properly be drawn from the remarks, nor would it be warranted when taken in connection with the written instructions given wherein the rights of the defendants are fully guarded. It is true such remarks had better not be made, but still, in this case we are unable to see, that the defendants could have been prejudiced by what was said."

We cite the foregoing cases and the remarks made by the trial courts and the holding of different courts thereon to illustrate the truth of what has been so well said by Justice Brewer in the case of *Potter v. State*, 15 Kan. 320.

"The mere fact that an oral communication has passed from the court to the jury is not of itself proof that the statute has been disregarded, but the court may properly make oral statements to the jury in reference to the form of the verdict, the manner in which the trial has been conducted, the behavior of the jury or counsel or parties, or any other oral statement which is not fairly and strictly a direction or instruction upon some question or rule of law involved in or applicable to the trial or a comment upon the evidence."

Now we are aware that this authority is one cited by counsel for plaintiff in error, to sustain the position

taken by them, but we think a careful analysis of it, and a candid comparison with the case at bar, will show that it not only fails to sustain the contention of appellant, but does tend to sustain the position we have taken, to-wit: that the oral remarks made by the trial judge in the case at bar, were not an instruction or charge to the jury within the meaning of the statute. Now let us for a moment compare the two cases. They were both criminal cases, the Kansas case being a charge of murder, the statutes of Kansas and Oklahoma being practically the same. The language used by the trial judge in that case was as follows:

"I mean by that, that makes him principal and not accessory; there is no such thing in my judgment as accessory in this case. These sets make him principal, and should be regarded by you as principal and not accessory. He is either principal or nothing."

The Kansas statute is:

"The judge must charge the jury in writing, and the charge shall be filed among the papers of the case." (General Stat. p. 658. Criminal Code, sec. 236.)

The Kansas supreme court held that this language was not an instruction or a charge within the meaning of this statute. Observe the similarity of language to the case at bar. The Kansas judge said:

"These acts make him principal and not accessory, and should be regarded by you as principal and not accessory. He is principal or nothing."

The trial judge in the case at bar said:

"If you will read the instructions I think they are plain, if he concealed or secreted, embezzled or destroyed, if he did any one of these why he is guilty, or if he did all of them he is guilty."

It certainly seems to us that the language used in the Kansas case was much stronger and much more in the nature of an instruction, for in that case the judge says: "Those acts make him principal," thereby making a positive statement of what the evidence established, thus drawing an absolute conclusion from the evidence and stating it to the jury, while in the case at bar the judge simply says if such and such things are established, he is guilty, giving no indication as to the opinion of the court on the subject of whether or not such facts have been proven. Then again the remarks of the judge on that occasion should be taken as a whole. Isolated portions should not be separated out and conclusions drawn from part alone, unconnected with other parts of the remarks. We can only get the true meaning and a correct and intelligent understanding of the effect of the remarks upon the jury by examining them as a whole. It seems to us that the entire conversation between the court and the jury is qualified, and its meaning and understanding modified by the remark: "If you will read the instructions of the court I think they are plain." This was the key by which the language then being used by the court was to be understood and interpreted by the jury. He said: [1] "If you will read the instructions of the court I think they are plain; if he concealed, secreted, embezzled or destroyed, he is guilty." In what way are they plain? Why, they are plain that you are instructed by them that if he concealed, secreted, embezzled or destroyed, he is guilty. The court was making no direct statement, but was simply referring to the instructions previously given, and this was in answer to the question: "Can we render a verdict different to the form furnished

us?" We think the reasoning of Judge Brewer in the Kansas case will apply with equal force to this case. He says:

"It may be remarked that the purpose of this statute is to secure to the defendant the exact rulings of the court in order that he may avail himself of any errors in the rulings. That it was not intended to cast any unnecessary burdens upon the court, or to hamper and restrict communications between the court and jury. That it should be so construed as fairly to secure that purpose, and not to be made a mere weapon of technical error. That in answer to questions, as there is nothing to require the questions to be reduced to writing before they are put, it would seem trifling to compel the answer to be so reduced, when the answer is simply responsive to, and depends for its meaning upon the unwritten question."

It seems to us that tested by this last rule the oral statement in this case must be held not to violate the statute, and no grounds for reversal. Many words are used, but after all it amounts to no more than a negative reply to the question asked, to-wit, "If a party could be an accessory," the court's reply was: "There is no such thing as an accessory, the party is principal or nothing."

In the case at bar the court said the party is guilty or not guilty; if he did these things he is guilty; in the Kansas case the judge said: "These acts make him principal?" In this case the judge said, if he did these things he is guilty. There certainly can be no dispute over the fact that the language used by the judge in the Kansas case more objectionable than the case at bar, yet the Kansas supreme court said such statements were not an instruction, within the meaning of the statute. This

was a construction put upon the Kansas statute by the supreme court of that state, which statute is practically the same as ours.

It will be seen that in the remarks of the trial judge to the jury, no independent proposition of law was given, no comment on the evidence was made, the whole tenor of the conversation was as to the form of a verdict the jury could return. The remarks of the court were all directed to the answer to the inquiry, as to whether they could return a verdict different from the forms furnished and was all in explanation as to the form of verdict they might or ought to return. And as to all questions of law, he refers the jury to the written instructions previously given with the remark, "I think they are plain." It is our duty to presume that the jury were men of reason and of ordinary intelligence, and that they were capable of understanding ordinary plain English language, and this being so, when the court said to them, "If you will read the instructions, I think they are plain," it will not be presumed that they understood that the remarks were to be taken as a new or different statement of the law than that contained in the written charge, but they would certainly understand that he was referring them for the law of the case to the written instructions. We take the rule to be well settled than an oral direction to the jury as to the form or character of the verdict they may return is not such an instruction as is contemplated by the statute requiring all instructions to be in writing, and we think when the record is fairly examined and the remarks of the court properly and correctly construed in the light of the interrogatory of the juror to which they were an answer, they clearly fall

within this class. As the record shows that the jury were fairly and fully instructed as to the law of the case, in the written charge of the court, we are unable to see how the rights of the defendant have been jeopardized or his interests unfavorably affected by the remarks of the court to the jury; and by the Statutes of Oklahoma of 1893, sec. 5330, criminal procedure, it is made the duty of this court on appeal to give judgment without regard to technical errors or defects, and not to consider exceptions which do not affect the substantial rights of the parties, and as on an examination of the entire record we are unable to see how these remarks of the court could in any way have prejudiced or affected the rights of the defendant, this assignment of error cannot be sustained; as we take the rule to be well estaablished that when a statute in express and unequivocal terms declares that judgment shall be given without respect to error or objection that does not affect the substantial rights of the parties, it must be made to appear to the court that the substantial rights of the complaining party were unduly prejudiced before the judgment will be reversed. We have examined the authorities submitted by the counsel for plaintiff in error, but think that all of these cases are where there is no doubt of the fact of the remarks of the court being an instruction, and in this they differ from the case at bar. We have no desire to complain of the provision of our statute which requires all instructions in criminal cases to be in writing, and which prohibits all oral instructions; and in a case where the remarks of the tria' judge were such as to amount to a statement of a proposition of law applicable to the case, and were such as an ordinarily intelligent jury would understand to be an

instruction as to the law of the case, if the same was saved by the exception of the defendant, we would have no hesitation in reversing the cause, but on the other hand we are very much averse to disturbing the judgment of the court when there has been a fair trial before a fair jury, who have been properly instructed as to the law, and where the record shows that substantial justice has been done, on matters purely technical, and on defects which do not in any way materially affect the substantial rights of the defendant.

Another assignment of error is that the court refused to sustain a motion to set aside the indictment, on the grounds that a previous indictment for the same offense was pending and undisposed of against the defendant when the present indictment was returned by the grand jury. We think a sufficient answer to this contention will be found in the language of the Indiana supreme court in the case of *Hardin v. State*, 22 Ind. 347. The court say:

"A defendant is not allowed in criminal cases as in civil actions to plead in abatement that another indictment is pending against him for the same offense."

"The demurrer was correctly sustained. Another indictment pending for the same offense constitutes no ground for abatement. This in criminal prosecutions seems to be the settled rule, and we perceive nothing in the plea before us exempting it from the force of that rule." (*Duten v. State.* 5 Ind. 533.)

"Where defects are found in an indictment it is proper to apply to the grand jury and have that body return a new one avoiding the defects in the first, and it is no good grounds for abatement that the former has not been actually discontinued when the latter is returned." (*Gammon v. The People*, 127 Ill. 507.)

"It is also urged that no conviction could be had upon the second indictment so long as the first was undisposed of. There is no merit in this. If both indictments had been in court the defendant could have been tried upon either." (*Rosenberg v. Commonwealth*, Pa. State Rep. 118, 77; *Bonner v. State*. 29 Tex. App. 223; *Redden v. State*, 4 Green [Iowa] 127.)

We take it that these authorities are conclusive of the question raised by this assignment of error.

We have made a thorough and careful examination of the record, and we think that it discloses that the defendant has had a fair, impartial and legal trial, and finding no error in the instructions or rulings of the court, we think the decision of the district court should be sustained, which is accordingly done.

Burwell, J., who presided in the court below, not sitting; McAtee, J., and Hainer, J. dissenting; Burford, C. J., concurring.

Dissenting opinion by

McAtee, J.: Our code of criminal procedure provides, sec. 5196, 6th Sub. Statutes of 1893, that: "All instructions given shall be in writing, unless waived by both parties, and shall be filed and become a part of the record in the case."

It has heretofore been held by this court in *Swaggart v. Territory*, 6 Okla. 344, that the giving of oral instructions to the jury in a criminal case, without the consent of the defendant, is error; thereby following the decisions made by the supreme court of California, whose code of criminal procedure has been adopted here.

The statement of what occurred in the conversation between the court and jury in this case is set forth in the

opinion of the court. It shows that a part of the interlocution was, that:

"Question. The court: 'Well, is there a difference as to what the facts, or as to what the evidence that was introduced, establishes?' Answer. A juror: 'Yes, sir, as to what the evidence establishes.'

"Q. The court: 'There doesn't seem to be any difference as to what the evidence really is?' A. No sir.'

"Q. The court: 'But the difference is as to what it proves?' All answer in the affirmative."

Among other things the court said to the jury: "If you can arrive at a verdict, honestly and conscientiously and correctly, as you view the evidence in the case, of course it is your duty to do it, but you should not sacrifice your own views if you believe them to be correct, simply for the purpose of arriving at a verdict."

This was an instruction to the jury. If it was correct. it should have been given in writing. I understand the law to be, that if any one of the jury, after having considered all the evidence in the case, and after having consulted his fellow jurymen, should entertain a reasonable doubt of the defendant's guilt, then that the jury cannot find the defendant guilty. In the oral instruction as given to the jury, the court omitted the rule of reasonable doubt, and I believe that the proposition was erroneously stated, and that error was here committed, both on this account, as well as because the instruction was not given in writing.

But, in the second place, the court said, that: "If you will read the instructions as to this praticular point—I think they are plain. If he concealed, secreted, embezzled, or destroyed—if he did any one or these—why, he is guilty, or if he did all of these, he is guilty." It is contended

by the defendant in error that the oral instruction thus given by the court does not alter in any respect or modify the instructions previously given in writing. That instruction was as follows:

"4.—You are instructed that embezzlement is the fraudulent appropriation to one's own use, of the money or goods of another which were intrusted to his care, as a public officer, servant, bailee, or otherwise, and if you find from the evidence in this case, beyond a reasonable doubt, that the defendant did, at any time within three years next preceding the filing of the indictment on April 14, 1898, secrete, embezzle or destroy any of the packages as charged in the indictment, or as charged in any one of the counts of said indictment, then it is your duty to find the defendant guilty."

The oral statement of the court to the jury called the attention of the jury to the written instructions, and then added "if he concealed or secreted, embezzled or destroyed, if he did any of these, why, he is guilty, or if he did all of them, he is guilty. There would be no difference in the crime at all."

This was a specific statement to the jury of the law which should govern them in the case. It omitted altogether the statement to the jury that they must find from the evidence, beyond a reasonable doubt, that "he concealed or secreted, embezzled or destroyed." This statement of the law, while it was accompanied by a direction to the jury to examine the written instructions, was yet in itself, an independent proposition and statement of the law; and it was incorrect, and in order to correct it, it would have been necessary for the jury to refer to the written instructions, and it left to the jury the determination of the question whether the oral instruc-

tion was right or whether the written instruction was right, since both of them were given to the jury as the law by the court, and they could not both be correct. And the determination was thereby left to the jury as to whether, according to the written instruction, they must find from the evidence, beyond a reasonable doubt, whether or not the defeudant was guilty, or whether they were at liberty to find, that the defendant was guilty, according to the oral instruction, which did not confine them to the rule that they must find the facts stated in the oral instruction to be true beyond a reasonable doubt.

A third statement was made by the court to the jury to the effect, that: "You can return a verdict on any one of the counts or on any number of them or all of them." This also was a distinct statement and proposition of law. It was an oral statement, and while it was correct, it was a statement of the law which, under the statute, is prohibited, since it was an "instruction" and was not given in such a form as to be "filed and become a part of the record in the case" and it was not "in writing."

It was said by Judge Brewer, in *State v. Potter*, 15 Kans. 311, upon a Kansas statute which provides, that:

" 'The judge must charge the jury in writing, and the charge shall be filed among the papers in the cause.' * * * * It is error to omit to do so. * * * In Indiana the statute provides that, 'when the argument of the cause is concluded, the court shall give general instructions to the jury, which shall be in writing, and be numbered and signed by the judge if required by either party.' Upon this, in *Townsend v. Chapin*, 8 Blackf. 328, it was held error to give written instructions with verbal explanations and illustrations. The same doctrine was affirmed in *Kenworthy v. Williams*, 5 Ind. 375, and in *Lasselle v Wells*, 17 Ind. 33. In *Meredith v. Crawford*, 34

Ind. 399, the court declared that 'oral explanations, comments, or modifications were erroneous. In *Rising Sun & V. T. Co. v. Conway*, 7 Ind. 187, and in *Feriter v. State*, 33 Ind. 283, the decision was that the whole charge must be in writing. In the case of the *Toledo & W. R. Co. v. Daniels*, 21 Ind. 256, the trial judge gave this oral introduction to his written instructions: 'This is an action brought against defendant to recover the value of property alleged by the plaintiff to have been killed on said road. It has been intimated by the defendant's counsel that you may disregard the instructions of the court as to the law governing the case, but we say to you that you cannot do that. The court may err, but it is not the province of the jury to determine whether the law as delivered to them by the court be correct or incorrect. If wrong, the party feeling aggrieved by it has his remedy by appeal to the supreme court.' The giving of this oral statement was adjudged error."

It was held by the supreme court of Kansas in that case, that a failure to comply with the statute requiring a written charge in criminal cases, is an error compelling reversal, and that it makes no difference whether the oral portion of the charge is given to the jury before they retire or, after having once retired, they return and ask for further instructions, or whether it is a separate instruction, or a mere explanation of a written instruction, it is error in either case, and that the oral instruction will be held to be error if it is a statement to the jury "upon some question or rule of law involved or applicable to the trial." The permissible light of oral instruction to the trial court, as stated in that case, was that where a juror propounds a question to the court, including a full statement of the rule or proposition of law, and the answer is no more than an affirmation or denial, such affirmation

or denial need not be reduced to writing before it is given.

It was said in *Giles v. People*, 1 Colo. 61, upon a statute which provides that the instructions shall be reduced to writing, and may be taken by the jury in their retirement, and returned by them with their verdict, that where it appeared from the bill of exception that the court gave oral instructions and oral explanations of written instructions, both were adjudged wrong

And in California, where the statute reads that: "In no case shall any charge or instruction be given to the jury otherwise than in writing, unless by the mutual consent of the parties," in *People v. Demit*, 8 Cal. 423, and *People v. Ah Fong*, 12 Cal. 345, the judgments were reversed because of the giving of oral instructions.

And in *People v. Payne*, 8 Cal. 341, an oral modification of a written instruction was held to be erroneous. In *People v. Wappner*, 14 Cal. 437, it was decided than an oral instruction was erroneous, whether given in the first instance or after the jury had once retired to consider of their verdict and returned with request for further information.

In *Ray v. Wooters*, 19 Ill. 82, under a statute which declared that the court "shall in no case orally explain or qualify" the written instructions, an oral explanation was held ground for reversal.

In Florida, where the statute requires that the charge shall be wholly in writing, it was held in *Dixon v. State*, 13 Fla. 637, that, after the court had finished his charge, one of the jurors asked whether they must believe all the testimony, or could disbelieve part of it. The court answered orally that they could reject, etc., and this was

adjudged within the prohibition of the statute, and an error sufficient for reversal.

It was said by the supreme court of the United States in *Hopt v. People of the Territory of Utah*, 104 U. S. 631, that:

"The object of these provisions is to require all the instructions given by the judge to the jury to be reduced to writing and recorded, so that neither the jury, in deliberating upon the case, nor a court of error, upon exceptions or appeal, can have any doubt what those instructions were; and the giving, without the defendant's consent, of charges or instructions to the jury, which are not so reduced to writing and recorded, is error. (*Feriter v. State*, 33 Ind. 283; *Missouri v. Cooper*, 45 Mo. 64; *People v. Sanford*, 43 Cal. 29; *Giles v. People*, 1 Colo. 60; *State v. Potter*, 15 Kans. 302.)"

We understand it to be here specifically stated by the supreme court of the United States, by Mr. Justice Gray, that the object of these provisions is to require all the instructions to be in writing, and that one of the objects is that the jury may have all that has been said to them on the subject by the court in writing, for the purpose of "deliberating upon the case." And the statement of the supreme court is absolute, that the "giving, without the defendant's consent, of charges or instructions to the jury, which are not so reduced to writing and recorded, is error."

It is said in Thompson on Trials, sec. 2375, that: "Statutes exist in several of the states, requiring the judge to deliver his instructions to the jury in writing. These statutes are mandatory; and where they exist, the giving of an oral instruction is error, for which a judgment will be reversed. They mean that the whole charge must be

in writing, and that it should be delivered to the jury literally as it is written." Citing many cases.

And it was said in section 2377, that:

"Nor may he (the judge) give written instructions to the jury, and then explain or modify them orally. In like manner under a statute requiring the judge to charge the jury in writing, it is error to give a written charge accompanied with verbal explanations or modifications. The charge and every modification of it, must be in writing. * * * The court has gone so far as to hold that it is error to amend an instruction by the oral substitution of a material word—as the word 'fairly' in place of the word 'strictly.' " (*Provines v. Heaston,* 67 Ind. 482.)

I submit that the important case of *State v. Potter,* by Judge Brewer, 15th Kans. 234, has been misapprehended by the court, and its doctrine misapplied. After making an extensive review of cases from which the true rule might be ascertained, Judge Brewer expressly declared that: "Our (the Kansas) statute is not so specific or minute in its restriction upon the action of the court as those of several other states." And this should be observed in this case, since the statute upon which the supreme court of Kansas then passed provides, that: "The judge must charge the jury in writing, and the charge shall be filed among the papers of the case." While the statute which we are here now interpreting was adopted from the California code of criminal procedure, with the opinions theretofore already expressed by the supreme court of California which we have, so far as the reports of that state are accessible to us, hereinbefore recited, and which provides, that: "All instructions given shall be in writing, unless waived by both parties, and shall be filed and become a part of the record in the case."

Judge Brewer says further that the language of the Kansas statute "is general, and simply calls for a written charge, and requires it to be filed among the papers." The Kansas statute is not in express terms exclusive of oral instructions, but the exclusion of such instructions is by inference only, and the statute simply requires that the instructions be "filed among the papers;" while the statute which it is our duty to interpret now, and apply, is expressly exclusive in its terms of all oral instructions, since it provides, that: "All instructions given shall be in writing, unless waived by both parties," and it expressly provides that they shall become a part of the "record in the case."

And yet, notwithstanding the fact of the greater liberality of the Kansas statute, and the fact that, as Judge Brewer says, its "language is general, and simply calls for a written charge," the deductions made by the supreme court of Kansas are, to the establishment of the following propositions, which it says are a just construction of the effect to be given to the Kansas statute:

"(1)   The statute requiring a written charge in criminal cases is imperative, and a failure to comply with it is an error compelling reversal.   (2)   Where the bill of exceptions simply states that a part of the charge, or some of the instructions, were given orally, without stating the language used, the statute will be held to apply, and the judgment be reversed.   (3)   It is immaterial whether the oral portion of the charge is given before the jury retire to consider of their verdict, or after they, having once retired, return to ask further instructions; and whether it is a separate instruction, or a mere explanation of a written instruction, it is error in either case.   (4)   The mere fact that an oral communication has passed from the court to the jury is not of itself proof that the statute

has been disregarded; but the court may properly make oral statements to the jury in reference to the form of the verdict, the manner in which the trial has been conducted, the behavior of the jury or counsel or parties, or any other oral statement which is not fairly and strictly a direction or instruction upon some question or rule of law involved in or applicable to the trial, or a comment upon the evidence. (5) Where a juror propounds a question to the court, it may make a direct answer without reducing the same to writing, provided in so doing it does not make an independent statement of a rule of law; in other words, where the question of the juror is a full statement of the rule, and the answer is no more than an affirmation or denial, such affirmation or denial need not be reduced to writing before it is given. It may be remarked in reference to these propositions, and especially the last, that the purpose of this statute is to secure to the defendant the exact rulings of the court, in order that he may avail himself of any error in those rulings; that it was not intended to cast any unnecessary burdens upon the court, or to hamper or restrict communications between the court and jury; that it should be so construed as fairly to secure that purpose, and not made a mere weapon of technical error; that in reference to answers to questions, as there is nothing to require the questions to be reduced to writing before they are put, it would seem trifling to compel the answer to be so reduced when the answer is simply responsive, and depends for its meaning upon the unwritten question. It seems to us that, tested by this last rule, the oral statement in this case must be held not a violation of the statute, and no ground for reversal. Many words are used, but after all it amounts to no more than a negative reply to the question asked, if a party could be an accessory. The court replies that 'There is no such thing as accessory; the party is principal or nothing.' So far as the law is concerned, it was, under the provisions of our statute applicable to this case, correctly given in the

written statement made in reply to the question." (*State v. Potter*, 15th Kans. 246.)

It will thus be seen that upon the proposition now in question the supreme court of Kansas lays down the rule that the court may not orally, in instructing the jury, "make an independent statement of a rule of law," but that "where the question of the juror is the full statement of the rule and the answer is no more than an affirmation or denial, such affirmation or denial need not be reduced to writing before it is given."

And this is the rule which the case of *State v. Potter* applies to the facts of the case which it then had in hand, since it said that the answer of the court was "no more than a negative reply to the question asked" by the juror.

Neither do I think that the other authorities cited by the court tended to support the proposition that independent instructions may orally be given to the jury as was, in the three several instances as stated, done by the court in this case. And I think that the cases cited as authority and upon which the decision of the court in this case is founded, relate for the most part to such matters as, in the fourth proposition laid down by the supreme court of Kansas in *State v. Potter*, are permissible, such as oral statements to the jury "with reference to the form of the verdict, the manner in which the trial has been conducted, the behavior of the jury or counsel or parties, or any other oral statement which is not fairly and strictly a direction and instruction upon some question or rule of law involved in, or applicable to the trial, or a comment upon the evidence."

The objects of the statute are that the jury shall have all instructions before them, for the purpose of "deliber-

ating upon the case," and that nothing must be trusted to their memory of such propositions of law as have been stated to them by the court, and that no part of the law shall be given to the jury orally, relative to the case, by which room is left for errors of memory, which it is the purpose of the statute to preclude and prevent. And it is the purpose of the statute to prohibit the possibility of error, and the practice of giving any oral proposition to the jury by the court shall not be permitted even though it be identical with the written proposition theretofore given.

And it has been generally held that where the statute requires instructions to be in writing, it is error for the court to make any oral change in the written instructions, modifying or explaining them, and that the charge, and every modification of it, must be in writing, and that these statutes are generally held to be mandatory and any failure to comply with them is error, for which a judgment will be reversed, and that in criminal cases it must be strictly complied with. (11th Am. & Eng. Ency. of Law, p. 261, citing: *Miller v. Hampton*, 37 Ala. 342; *Toledo, etc. R. R. Co. v. Daniels*, 21 Ind. 256; *Dixon v. State*, 13 Fla. 636; *Widner v. State*, 28 Ind. 394; *Stratton v. Paul*, 10 Iowa, 139, and many other cases.)

I think the judgment should have been reversed, and the cause remanded for a new trial. I am authorized to say that this dissenting opinion is concurred in by Hainer, J.