## THE PEOPLE *v.* PAYNE.

|     |     |
| --- | --- |
| 8 | 341 |
| 109 | 461 |
| 8 | 341 |
| 117 | 194 |

The owner of property in the possession of the same, has a right to use so much force as is necessary to prevent a forcible trespass.

Where a trespasser goes with the intent and with the means to commit a felony, if necessary to accomplish the end intended, the owner of the property may repel force by force.

The instructions of the Court must be in writing. They should place the real points arising under the testimony fully before the jury.

A verbal modification of a written instruction asked, is erroneous.

APPEAL from the District Court of the Fifth Judicial District, County of Tuolumne.

Indictment and trial for murder, and conviction in the second degree. At the trial, the counsel of defendant asked the Court to give the jury the following instruction in writing:

"If the defendant was in imminent danger of great bodily injury from the deceased at the time of the killing, then they are to find him not guilty."

Which instruction the Court gave, with this verbal qualification:

"That the jury must take into consideration the intent of the defendant in going to the place of the alleged killing."

The defendant's counsel excepted to the giving of the instruction as modified, and assigns two grounds of objection:

1. That the instruction, *as qualified*, is too broad when considered with reference to the testimony.

2. That the qualification should have been given in writing.

The substantial facts of the case, concisely stated, were these:

There was a dispute existing between William S. Stone and defendant Payne, about a tract of land. The defendant had placed some posts upon the tract with a view to the construction of a fence. On the Friday before the killing, which occurred on the Monday following, a suit had been tried, and the case appealed. Stone and the deceased, J. H. Vaughn, who was employed by Stone, were engaged in hauling away the posts to keep Payne from doing it, and had removed two loads of the posts to Stone's corral. Payne, with a hand in his employ by the name of Rowe, went to the place where the posts were de-

23

posited, and Payne proposed to Stone to let the posts remain until the lawsuit was determined, and forbid him from moving them. Stone replied he would move them. Payne then told him he must abide the consequences, and Stone replied he did not care what he said. Payne was armed with a single-barreled shot gun, which he carried under his right arm, with the barrel resting on his left, and with the muzzle in the direction of Stone. Vaughn was armed with a pistol, which he carried in a belt around his body. Stone then changed his position, and said to Vaughn " give me that," and Vaughn stepped around and said, "never mind." Vaughn then said "Stone, put on the posts; Payne, put up that gun," and drew his pistol, when Payne fired and killed Vaughn.

Defendant appealed.

*E. D. Baker,* for Appellant.

We submit, that in a criminal case, where a written charge is presented, and it is modified, that the modification must be in writing. C. L., 473, §§ 400, 401. That the object of the law was to place the charge of the Court fairly in the record, by requiring him to sign the charge and its modification, after it had been reduced to writing, that it might be so presented as to leave no doubt as to its terms. In not reducing the modification of the charge to writing and signing it, the Court did not conduct the trial in the manner required by the statute.

We insist that the charge in this case was too broad. It does not alter the nature of the crime, that Payne went upon the ground with the intention of forcibly preventing the removal of the fence, if, when he got there, he did not begin the assault. It is in proof, that the party slain, ordered the fence removed, and at the same time leveled his pistol at Payne. Under such circumstances, the defendant fired in self-defence. It is no answer to say, that Payne premeditated violence; that cannot be presumed, especially when the deceased began the fight without any necessity in the way of self-defence, but merely to enable him to remove the property in dispute. The fact, that the defendant was then armed does not change his right of self-defence, if in point of fact he was not the assailing party.

*W. T. Wallace, Attorney-General,* for Respondent.
No brief on file.

BURNETT, J., after stating the facts, delivered the opinion of the Court—TERRY, C. J., concurring.

From all the testimony taken together, it would seem clear that Stone and Vaughn, went with the pre-determination to remove the posts by force, if necessary. It is equally clear, that Payne went upon the ground determined to prevent their re-

moval by force, if required.   Whatever may have been the merits of the respective claims of each party to the land in dispute, the posts were the admitted personal property of Payne, and Stone had no right to remove them and appropriate them to his own use.   The lawsuit was still pending and undetermined, and the proposition of Payne to let the posts remain until the determination of the lawsuit, was the most reasonable, and showed a desire then to avoid a difficulty.   Whatever might have been the result of the suit about the land, the property in the posts would have remained in Payne, and he would have had the right to remove them at any time, by making good any damage occasioned by their deposit upon, and removal from the premises.

It would seem clear, that the act of Payne could not amount to manslaughter, for the reason, that this offence "is the unlawful killing of a human being without malice, express or implied, and without any mixture of deliberation."   Com. Laws, 641. There was certainly deliberation on the part of Payne, and the offence, if any, was murder.

Justifiable homicide is defined by our statute to be "the killing of a human being in necessary self-defence, or in defence of habitation, property, or person, against one who manifestly intends, or endeavors, by violence or surprise, to commit a felony," &c.

Under the circumstances of this case, the jury had to inquire whether Stone and Vaughn manifestly intended, or endeavored by violence, to commit a felony—and if so, whether the act of Payne was in necessary defence of himself or property.   Stone and Vaughn knew that the property belonged to Payne, and the evidence goes clearly to show that they went with the determination to remove it to the premises of Stone, peaceably if they could, and forcibly if they must.   The removal was determined upon, and their subsequent conduct depended upon contingencies.   If the owner of the property resisted, they were prepared to use force to accomplish the trespass.   It was not the intention or endeavor of Stone and Vaughn to commit a felony, in respect of the property, for they did not intend to steal it.   Nor was it their intention to commit robbery, for the felonious intent as to the property, was wanting.   But the felony they intended to commit, was the killing of Payne, if necessary to accomplish the removal of the posts.   Payne being the owner of the property, and in possession of the same, had a right to use such force as was necessary to prevent a forcible trespass; and if in doing so, he was compelled to kill Vaughn, he was justifiable.   If Vaughn had not been armed, and had simply attempted the trespass without force of arms, and neither intended nor endeavored to commit a felony himself, then Payne would not have been justified in killing him.   But when the trespasser goes with the intent,

and with the mean ... commit a felony, if necessary, to accomplish the end inter... the owner of the property may repel force by force.

The instructions ... not place the real points arising under the testimony ... before the jury.

The *verbal* modification ... erroneous. It constituted a *part* of the instruction as ... if the instruction itself must be in writing, each part ... ing it must also be in writing.

The act of May 7, ... positive, and the decision of this Court, in the case of ... ple *v.* Buler, July, 1856, is directly in point.

Judgment reversed, and cause remanded for further proceedings.