JEPTHA RAY, Appellant, *v.* JOSIAH F. WOOTERS, Appellee.

APPEAL FROM MARION.

A judge, on the trial of a cause, has no authority to affect or change the law as stated in written instructions, by any expressions not in writing.

THIS was a trial, in the Circuit Court, of an action for slander. There was a verdict and judgment in favor of the plaintiff below, for two hundred and seventy-five dollars. The bill of exceptions states that the court gave the instructions as modified— " Thereupon the court proceeded orally to explain and qualify said instructions to the jury." The cause was tried before BREESE, Justice, and a jury, at September term, 1857, of the Marion Circuit Court.

J. N. HAYNIE and SILAS L. BRYAN, for Appellant.

H. K. S. OMELVENY, for Appellee.

SKINNER, J. The court, after giving, at the instance of the defendant below, several instructions in writing, as the bill of exceptions states, " proceeded orally to explain and qualify said instructions to the jury." The statute provides: " That hereafter no judge of the Circuit Court shall instruct the petit jury, in any case, civil or criminal, unless such instructions are reduced to writing,"—" and he shall in no case, after instructions are given, orally qualify, modify, or in any manner explain the same to the jury." Statutes 1856, 829.

This statute plainly inhibits the Circuit Courts from changing or in any measure affecting orally the law as stated in written instructions given; and in a case of so clear intention of the law-making power, there is no room by construction to avoid consequences, however inconvenient in practice, or detrimental to the administration of justice.

The law being so written, the courts must submit to and abide the mandate, and trust to the wisdom of the legislature for such change as experience may suggest. It is true, it does not appear what the oral explanations and qualifications were ; yet

the words import a modification, limitation, restriction or construction of the written instructions, and, therefore, a change in some degree of the law as stated in writing. This is plainly forbidden.

We presume the court did not intend, without consent of the parties, in any material matter of law, to orally instruct the jury; but from the language of the bill of exceptions, we can treat the case only in the light before stated; although upon the argument it is conceded that the explanations so orally given were in fact immaterial.

Judgment reversed and cause remanded.

*Judgment reversed.*