Strattan v. Paul.

STRATTAN v. PAUL.

1. INSTRUCTIONS REDUCED TO WRITING. The requirement of section 1791
   Code of 1851, is not limited to the instructions in chief given by the
   court to the jury. Instructions asked by one party, and given by the
   court, must be reduced to writing, and delivered to the jury, when the
   opposite party demands that it shall be done.

*Appeal from Johnson District Court.*

SATURDAY, DECEMBER 10.

THE facts and error complained of are stated in the opin-
ion of the court.

*Edmonds & Ranson* for the appellant.

*Clarke & Davis* for the appellee.

WRIGHT, C. J.—After the court had in writing instructed the jury in chief, and given certain instructions asked in the same manner by defendant, the plaintiff orally requested others. The defendant objected to the court instructing the jury orally, but insisted that those asked by plaintiff and given, should be reduced to writing and placed in the hands of the jury. The objection was overruled, and the request denied. · The language of the statute is explicit and mandatory, that the charge of the court shall, if desired by either party, be in writing, and placed in the hands of the jury. Section 1791. The word *charge* as here used, means not alone the instructions in chief, but also those asked by either party, when the opposite party requires that they shall be reduced to writing. This is evident in the first place, from the consideration that the same section requires that the *charge* shall be confined *strictly to matters of law*. Now if this charge only refers to the instructions in chief, then it would follow that it is only these that are to be confined to matters of law. And yet no one certainly would claim this to be the meaning of the section quoted. And then again, the same reasons which require the instructions in the one case to be in writing, obtain in the other. These instructions are to be placed in the hands of the jury and to be taken by them in their retirement. · And certainly there is quite as much necessity, and the reasons are quite as controlling why they should be placed in their hands in writing, when asked by the parties as when given by the court on its own motion. In many cases, we know that those asked by counsel and given are more important, and have a more controlling influence than those given by the court in the first instance.

It is claimed, however, that the next section, 1792, gives the court a discretion in this respect. The language is, that the "court in its discretion may require any instruction asked

by either party to be committed to writing." The two sections when taken together, in our opinion, means this. The parties have a right to require that all instructions shall be reduced to writing. If the parties make no such request, then the court may in its discretion require it. If the request is made by a party then the court has no discretion in the premises.

Because of this error the cause must be reversed.