## GILE *v.* THE PEOPLE.

INSTRUCTIONS *must be written.* Instructions to the jury must be written, and it is error to give them orally.

INDICTMENT. SURPLUSAGE. An indictment for assault with intent to murder, in which the word "*feloniously*" is unnecessarily used, is good.

*Error to District Court, Arapahoe County.*

HALLET, C. J., did not participate in the decision.

Mr. GEO. F. CROCKER, for plaintiff in error.

Mr. J. Q. CHARLES, for defendants in error.

GORSLINE, J.   The plaintiff in error was indicted at the December term, 1865, of the district court of Arapahoe county, under section 48 of the Laws of 1861, on page 298, for an assault with intent to commit murder, which was embraced in the first count of the indictment, and also for an assault with a deadly weapon, with intent to inflict a bodily

injury, which was contained in two separate counts. The cause was tried at the same term before Justice Gale, then the presiding judge, and a jury. The defendant was convicted under the second and third counts, and acquitted under the first count. There were a great number of instructions asked for by the defendant (twenty-two in number), which could only have been intended to mystify and perplex the jury. This is a practice which cannot be too strongly condemned. We regret that we cannot affirm the judgment of the district court, for we think, from the evidence given on the trial, that the assault was an aggravated one, and without any considerable provocation, and that substantial justice was done.

But the bill of exceptions shows that, after the court had given instructions to the jury in writing, he further gave them some instructions orally. The statute of 1861, page 282, section 28, provides, "that the district court in all cases, both civil and criminal, shall only instruct the petit jury as to the law of the case, and such instructions shall be reduced to writing, and may be taken by the jury in their retirement.

This statute is mandatory, and we must submit to it so long as the legislature suffers it to remain a law. *Ray v. Wooters,* 19 Ill. 82. It is urged by the counsel for the plaintiff in error that the instructions were not given verbally to the jury, but that the court read to the jury from the statute the definition of malice. Even if that could obviate the difficulty, still the record does not so allege the fact to be, for it states that the instructions were given orally, and that the defendant below excepted for that reason. One object of the statute doubtless is that the jury may have all the instructions before them when they retire to consider their verdict, and in that view it can make but little difference whether instructions are given orally or read from a book, for, in either case, they would be equally liable to forget them.

The defendant below moved the court to arrest the judgment, because the indictment charged in the second and

third counts that the assault was made feloniously, whereas by the statute such assault is only made a misdemeanor.

The statute does declare that such an assault shall be adjudged a high misdemeanor. It is said in the books that every felony includes a high misdemeanor, but probably the converse of the proposition would not be true. However, the word "feloniously" may be regarded as surplusage, and not vitiate the indictment. *Hess* v. *State of Ohio*, 5 Ham. 12.

The judgment of the district court is reversed and the cause remanded.

*Reversed.*