FORT SCOTT COAL AND MINING COMPANY v. JOHN SWEENEY.

1. PLEADING; *Answer Cannot Vary Terms of Written Agreement.* Allegations in an answer, so far as they attempt to vary or contradict the terms or import of an admitted written contract between the parties, set forth in the petition, are mere nullities; and it is not error for the court to exclude evidence, offered by the defendant, in support of them.

2. PRACTICE; *Instructions to Find for Plaintiff.* Where neither the answer, nor the evidence offered by the defendant, nor both together, make out a sufficient defense to the plaintiff's cause of action, it is not error for the court to instruct the jury to find for the plaintiff.

*Error from Bourbon District Court.*

SWEENEY recovered judgment, at the December Term 1873 of the district court, C. O. F., judge *pro tem.*, presiding. The defendant, the *Coal and Mining Company*, brings the case here for review. The opinion contains a full statement of the pleadings and facts. .

*McComas & McKeighan*, for plaintiff in error.

*Harris & Spencer*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On December 12th 1872, the Fort Scott Coal and Mining Company entered into a written contract with John Sweeney, whereby Sweeney leased unto said company, their successors and assigns, "for the full term of two years (with privilege of continuing said lease at its expiration,) the sole and exclusive right and privilege of boring, digging, and otherwise prospecting for coal, petroleum, lead, or other valuable substance on the following described tract of land, to-wit, the S.E.¼ Sec. 34, T. 26, R. 25, in Bourbon county, and of taking out and of working the same, together with the right of way and surface use of such land as may be necessary for the economical and efficient working of the same." The only consideration moving from the mining company to Sweeney for this lease, as the same is expressed in the written contract, is as follows: One dollar paid down, one cent royalty on each bushel of coal taken from the leased premises, except that "all coal from the shafts, entries, turnouts, aircourses, and coal used at the works, is to be free from rental or royalty." "The Fort Scott Coal and Mining Company also agree to pay to said John Sweeney royalty to the amount of $500 on or before the first day of May 1873 — said money to be considered as royalty in advance, if said company have not at that time taken out 50,000 bushels of coal." Said $500 was not paid when it became due, and on May 8th 1873 Sweeney com-

menced this action against said company to recover the same. The defendant answered, alleging as a defense to the plaintiff's cause of action, "that the consideration moving the defendant to take and enter into said lease and agreement was, that the defendant might have the right to go upon the land therein described and dig and remove therefrom good, merchantable and marketable coal, which it was *believed* and *understood* at said time by the plaintiff and defendant was to be found therein. Defendant says that there was not, nor is there, any good, marketable or merchantable coal upon or in said premises; nor was there nor is there any coal upon or in said premises, as was supposed at the time of making said lease and agreement; and that Sweeney *agreed* and *promised*, at the time of making the lease, that the coal to be found and taken from the leased premises was good and merchantable coal." The case was tried before the court and a jury. The defendant offered to introduce evidence showing that the coal taken from said premises was not good, merchantable, marketable coal, and that the defendant did not know at the time when the defendant entered into said written contract that said coal was not good merchantable coal. The court excluded the evidence, and afterward instructed the jury to find for the plaintiff, which the jury did; and judgment was rendered for the plaintiff and against the defendant for said $500, and interest and costs. The defendant now, as plaintiff in error, seeks to reverse that judgment.

There is no claim that there was no coal on or in said land. It would seem from the evidence offered and introduced that there was plenty of it. There may have been millions of bushels. Indeed, from anything appearing in the record the defendant may have taken from said land hundreds of thousands of bushels of coal before this suit was commenced. Neither is there anything in the record showing how much "petroleum, lead or other valuable substance," said land contained. The only claim of the defendant as a defense, is, that the coal found in said land is not "good, marketable, merchantable coal." Now

1. Contract—its terms and conditions, construed.

suppose it is not: may not the plaintiff still recover? The plaintiff did not agree or promise that it should be good, marketable, merchantable coal. He did not make any warranty of any kind whatever; and no fraud is imputed. Besides, there is no failure of consideration, as is claimed by the defendant. The lease of the land, with all its incidents, in the aggregate, was the consideration for the defendant's promises. And this consideration seems to be entire, and not divisible. At least this would seem to be so where both the cause of action and the defense are purely of a legal character, as contradistinguished from an equitable character. With the lease the defendant gets more than the mere right to take good, merchantable coal from the plaintiff's premises. The defendant actually gets "the sole and exclusive right and privilege of boring, digging, and otherwise prospecting for coal, petroleum, lead or other valuable substance on" said premises, with the right "of taking out and of working the same," that is, of taking out and working the coal, petroleum, lead, etc., whether the same be marketable or not, "together with the right of way and surface use of such land as may be necessary for the economical and efficient working of the same," and the *free* use of much of the coal taken out; and all this the defendant gets for at least two years, and longer if the defendant chooses. Now, if the plaintiff is to get pay only for the good merchantable coal taken from his premises, where will he get pay for the exclusive right of boring, digging and prospecting on his land for two or more years for coal, petroleum, lead, etc., and for the coal not merchantable, and for the petroleum, lead, etc., taken from the land? And where will he get pay for the right of way and surface use of his land, etc.? It is evident from the contract that it was the intention of the parties that this $500 should be paid by the defendant to the plaintiff, whatever might be the result of the boring and digging for coal, petroleum, lead, etc. Both the terms of the contract and the reason of the transaction, show this to be true. It will be noticed that the defendant does not ask to have the contract

canceled. The defendant does not choose to relinquish any right which it has obtained by virtue of the contract. It still clings to the right to bore and dig on the plaintiff's land for the full two years, or longer. Indeed, the defendant does not wish to dispense with any portion of the contract, except that portion which imposes duties and obligations upon itself, and confers benefits on the plaintiff. But a contract cannot be considered good as to one party, and bad as to the other. And as the defendant does not even ask to have the contract canceled or rescinded, it must be enforced as to both parties. And there can be no question that by its terms the plaintiff is entitled to recover.

So far as the answer of the defendant attempts to vary or modify the terms of the written contract, or to allege that the contract was different from what the written contract itself shows it to be, the answer itself is a nullity. And this is about all the answer contains. The answer in fact states no defense, and the evidence offered and introduced by the defendant was even more defective than the answer. The purport of both was to vary and contradict the terms and import of the written contract entered into between the parties. Taking both together, and they did not make out any sufficient defense to the plaintiff's action. The court therefore did not err in excluding said evidence, and in instructing the jury to find for the plaintiff.

The judgment of the court below is affirmed.

All the Justices concurring.