State vs. Porter and Stowe.

## No. 8854.

THE STATE OF LOUISIANA VS. ALFRED H. PORTER AND HENRY STOWE.

The refusal of the Judge to deliver his charge to the jury in writing upon the seasonable request of the party, as required by statute, is error, and justifies the avoidance of the sentence and judgment.

APPEAL from the Criminal District Court for the Parish of Orleans. *Luzenberg*, J.

*J. C. Egan*, Attorney General, for the State, Appellee.

*W. L. Evans* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The defendant, Porter, tried for murder and convicted of manslaughter, asks in this appeal reversal of the judgment and sentence, on the ground that, although he made seasonable request to the Judge to deliver his charge to the jury in writing, he refused to do so, but delivered the same orally.

The statute is imperative that, "in all cases appealable to the Supreme Court, it shall be the duty of the Judge to deliver his charge, to the jury in writing, if the counsel of either party require the same."

It appears from the bill of exceptions that the counsel for defendant did formally make this requirement and that the Judge refused the same, assigning the following reasons :

" The jury in this case was called at two o'clock P. M., January 24th, and empanelled at eight minutes to four o'clock P. M., the same day. After the State had closed its case, and when one Joseph McEvoy, the eighth witness for the defense, was on the stand, at nine and one-half o'clock P. M., counsel for the defense asked the court to give a written charge to the jury, which request was denied, as made at an unreasonable time.

" There were thirteen witnesses examined for the defense, but three of them being examined as to facts, all the rest being for character. The defense closed at two minutes past ten o'clock P. M., and the case was submitted on the charge of the court without argument." R. p. 12.

The statute does not fix any time at which the request must be made. It confers an unqualified right upon the parties, which may be exercised at any time before the period for giving the charge arrives. The court may, doubtless, protect itself against inconvenience by requiring counsel to exercise their election on this subject at any proper stage of the proceedings; but we are not informed that it had adopted any rule on this subject, or had made any such special requirement of counsel. How was counsel to know what was the reasonable and proper time to make his request, in absence of any provision in the statute or information from the court?

It has been heretofore held by this Court, that the refusal of the Judge to give his charge in writing, when requested by counsel, " unless the counsel *insisted* on it," was error, because the Judge had no right to impose such condition. State vs. Swayse, 30 An. 1328.

In a later case, we ourselves said: " the Judge should not exhibit any unwillingness to comply with such request, or say or do anything tending to throw upon counsel any blame for the inconvenience to which the jury might be subjected." State vs. Hopkins, 33 An. 34.

The point was moreover directly decided in State vs. Gilmore, 26 An. 599.

In other States, where the law requires the Judge, in capital cases, to deliver his instructions in writing, it has been held error not to do so, or to charge the jury orally without consent of parties, or even verbally to modify the written charge. People vs. Beeler, 6 Cal. 246 ; People vs. Payne, 8 Cal. 341 ; 14 Cal. 437 ; 12 Id. 345 ; 26 Id. 78 ; Long vs. State, 11 Fla. 295 ; Payne vs. Com., 1 Metc. (Ky.) 370.

It is not for us to say whether defendant has been injured in this case by the deprivation of this right. The law maker must have attached value to the right, or he would not have been at pains to pass the law conferring it. The advantages of exactness in the statement of the law, and of the opportunity given to counsel to scrutinize the same and to have it embodied in the record, are sufficiently obvious.

At all events the right is clear, the duty of the Judge absolute, and the denial is error.

It is, therefore, ordered, adjudged and decreed that the judgment and sentence appealed from are avoided and reversed and the verdict set aside, in so far as they affect the appellant, Alfred H. Porter, and that this case be remanded to the lower court, to be proceeded with according to law.

### CONCURRING OPINION.

BERMUDEZ, C. J. The Judge has no power to add to or detract from the law, so as to deprive the accused of the right of demanding a written charge, at any time before he has begun to charge the jury.

The privilege of requiring a written charge is unqualified and absolute. We cannot, therefore, be abridged by any rule or *dictum* of the court.

As the law does not authorize the Judge to make any rule on this subject, we cannot delegate to him any power in that respect.

The Judge was bound to give the written charge asked. He has erred in refusing to do so.

This is enough to set aside the verdict, annul the sentence and remand the case.

For that reason I concur in the decree.

Mr. Justice Todd concurs in this opinion.