(Superior Court of Cincinnati.)
General Term, 1901.

## CITY OF CINCINNATI v. EVA LOCH-NER.

---

(1) The statutory prohibition against any qualification, modification or explanation of a written charge to a jury applies to charges given before argument as well as to charges given after argument.

(2) The law will presume injury where such prohibition is violated.

SMITH, J.; Dempsey and Murphy, JJ., concur.

In this case the court, at the request of the plaintiff in error, gave certain written instructions to the jury before argument.

Subsequently in the general charge the court, after charging with reference to the question of law prescribed by one of the special charges, added: "That is what I meant when I said to you in my special charge, that if you find there was a slight defect in the sidewalk, but

you find that slight defect was not inconsistent with ordinary care and prudence of the city under all the circumstances of the case, your verdict must be for the defendant." To this plaintiff in error excepted.

Section 5190, paragraph 5, provides that "When the evidence is concluded either party may present written instructions to the court on matters of law, and request the same to be given to the jury, which instructions shall be given or refused by the court before the argument to the jury is commenced."

By paragraph 7 of the same section it is provided that "Any charge shall be reduced to writing by the court if either party, before the argument to the jury is commenced, requests it. A charge or instruction when so written and given shall not be orally modified or in any manner explained to the jury by the court."

It is contended that the provision of paragraph 7 which provides any qualification, modification or explanation of an instruction does not apply to the instructions provided for in paragraph 5; but we are not of that opinion. It would be, it seems to us, a strange condition of the law which would forbid any qualification, modification or explanation of a written charge or instruction if given after argument, but would allow it if the instruction is given before argument. The reason for the prohibition applies with the same force in all cases. (19 Ill., 82).

Nor do we think we are permitted to say there was no prejudice to plaintiff in error. The law expressly forbids any explanation of an instruction, and we think that by reason of such express prohibition the law presumes injury when it is violated.

Judgment reversed.

C. J. Hunt and Wade Ellis, Corporation counsel, for plaintiff in error.

M. F. Galvin, for defendant in error.