GEORGE G. BOGGS v. THE UNITED STATES.

(Filed July 6, 1901.)

For opinion of court, see 10 Okla. 424.

Dissenting opinion by

McATEE, J.:   Our Code of Criminal Procedure provides, section 5196, 6th Sub. Statutes of 1893, that

* * * "All instructions given shall be in writing, unless waived by both parties, and shall be filed and become a part of the record in the case."

It has heretofore been held by this court in *Swaggart v. Territory,* 6 Okla. 344, that the giving of oral instructions to the jury in a criminal case, without the consent of the defendant, is error; thereby following the decisions theretofore made by the supreme court of California, whose Code of Criminal Procedure has been adopted here.

The statement of what occurred in the conversation between the court and jury in this case is set forth in the opinion of the court. It shows that a part of the interlocution was, that:

"The Court.—'Well, is there a difference as to what the facts, or as to what the evidence that was introduced, establishes?'

"A Juror.—'Yes, sir, as to what the evidence establishes.'

"The Court.—'There doesn't seem to be any difference as to what the evidence really is?'

"A.—'No, sir.'

"The Court.—'But the difference is as to what it proves?'

"(All answer in the affirmative.)"

Among other things the court said to the jury:

"If you can arrive at a verdict, honestly and conscientiously and correctly, as you view the evidence in the case, of course it is your duty to do it, but you should not sacrifice your own views if you believe them to be correct, simply for the purpose of arriving at a verdict."

This was an instruction to the jury. If it was correct, it should have been given in writing. I understand the law to be, that if any one of the jury, after having considered all the evidence in the case, and after having consulted his fellow jurymen, should entertain a reasonable doubt of the defendant's guilt, then that the jury cannot find the defendant guilty. In the oral instruction as given to the jury, the court omitted the rule of reasonable doubt,

and I believe that the proposition was erroneously stated, and that error was here committed, both on this account, as well as because the instruction was not given in writing.

But in the second place, the court said, that: "If you will read the instructions as to this particular point—I think they are plain. If he concealed, secreted, embezzled, or destroyed—if he did any one of these—why, he is guilty, or if he did all of these, he is guilty." It is contended by the defendant in error that the oral instruction thus given by the court does not alter in any respect or modify the instructions previously given in writing.

That instruction was as follows:

"4.—You are instructed that embezzlement is the fraudulent appropriation to one's own use, of the money or goods of another which were intrusted to his care, as a public officer, servant, bailee, or otherwise, and if you find from the evidence in this case, beyond a reasonable doubt, that the defendant did, at any time within three years next preceding the filing of the indictment on April 14, 1898, secrete, embezzle or destroy any of the packages as charged in the indictment, or as charged in any one of the counts of said indictment, then it is your duty to find the defendant guilty."

The oral statement of the court to the jury called the attention of the jury to the written instructions, and then added, "if he concealed or secreted, embezzled or destroyed, if he did any of these, why, he is guilty, or if he did all of them, he is guilty. There would be no difference in the crime at all."

This was a specific statement to the jury of the law which should govern them in the case. It omitted altogether the statement to the jury that they must find from the evidence, beyond a reasonable doubt, that "he concealed or secreted, embezzled or destroyed." This statement of the law, while it was accompanied by a direction to the jury to examine the written instructions, was yet in itself, an independent proposition and statement of the law, and it was incorrect, and in order to correct it, it would have been necessary for the jury to refer to the written instructions. and it left to the jury the determination of the question whether the oral instruction was right or whether the written instruction was right, since both of them were given to the jury as the law by the court, and they could not both be correct. And the determination was thereby left to the jury as to whether, according to the written instruction, they must find from the evidence, beyond a reasonable doubt, whether or not the defendant was guilty, or whether they were at liberty to find, that the defendant was guilty, according to the oral instruction, which did not confine them to the rule that they must find the facts stated in the oral instruction to be true beyond a reasonable doubt.

A third statement was made by the court to the jury to the effect, that: "You can return a verdict on any one of the counts, or on any number of them, or all of them." This also was a distinct statement and proposition of law. It was an oral statement, and while it was correct, it was a statement of the law which, under the statute, is prohibited, since it was an "instruction," and was not given in such a form as to be "filed and become a part of the record in the case" and it was not "in writing."

It was said by Judge Brewer, in *State v. Potter,* 15 Kan. 311, upon an Kansas statute which provides, that:

" 'The judge must charge the jury in writing, and the charge shall be filed among the papers in the cause.' * * * It is error to omit to do so. * * * In Indiana the statute provides that, 'when the argument of the cause is concluded, the court shall give general instructions to the jury, which shall be in writing, and be numbered and signed by the judge if required by either party.' Upon this, in *Townsend v. Chapin,* 8 Blackf. 328, it was held error to give written instructions with verbal explanations and illustrations. The same doctrine was affirmed in *Kenworthy v. Williams,* 5 Ind. 375, and in *Laselle v. Wells,* 17 Ind. 33. In *Meredith v. Crawford,* 34 Ind. 399, the court declared that 'oral explanations, comments or mondifications,' were erroneous. In *Rising Sun & V. T. Co. v. Conway,* 7, Ind. 187, and in *Feriter v. State,* 23 Ind. 283, the decision was that the whole charge must be in writing. In the case of the *Toledo & W. R. Co. v. Daniels,* 22 Ind. 256, the trial judge gave this oral introduction to his written instructions: 'This is an action brought against defendant to recover the value of property alleged by the plaintiff to have been killed on said road. It has been intimated by the defendant's counsel that you may disregard the instructions of the court as to the law governing the case, but we say to you that you cannot do that. The court may err, but it is not the province of the jury to determine whether the law as delivered to them by the court be correct or incorrect. If wrong, the party feeling aggrieved by it has his remedy by appeal to the supreme court.' The giving of this oral statement was adjudged error."

It was held by the supreme court of Kansas in that case, that a failure to comply with the statute requiring a written charge in criminal cases, is an error compelling reversal, and that it makes no difference whether the oral

portion of the charge is given to the jury before they retire or after having once retired, they return and ask for further instructions, or whether it is a separate instruction, or a mere explanation of a written instruction, it is error in either case, and that the oral instruction will be held to be error if it is a statement to the jury "upon some question or rule of law involved or applicable to the trial." The permissible limit of oral instruction to the trial court, as stated in that case, was that where a juror propounds a question to the court, including a full statement of the rule or proposition of law, and the answer is no more than an affirmation or denial, such affirmation or denial need not be reduced to writing before it is given.

It was said in *Giles v. People,* 1 Colo. 61, upon a statute which provides that the instructions shall be reduced to writing, and may be taken by the jury in their retirement, and returned by them with their verdict, that where it appeared from the bill of exception that the court gave oral instructions and oral explanations of written instructions, both were adjudged error.

And in California, where the statute reads that: "In no case shall any charge or instruction be given to the jury otherwise than in writing, unless by the mutual consent of the parties," in *People v. Demit,* 8 Cal. 423, and *People v. Ah Fong,* 12 Cal. 345, the judgments were reversed because of the giving of oral instructions.

And in *People v. Payne,* 8 Cal. 341, an oral modification of a written instruction was held to be erroneous. In *People v. Wappner,* 14 Cal. 437, it was decided that an oral instruction was erroneous, whether given in the first instance or

after the jury had once retired to consider of their verdict and returned with the request for further information.

In *Ray v. Wooters,* 19 Ill. 82, under a statute which declared that the court "shall in no case orally explain or qualify" the written instructions, an oral explanation was held ground for reversal.

In Florida, where the statute requires that the charge shall be wholly in writing, it was held in *Dixon v. State,* 13 Fla. 637, that, after the court had finished his charge, one of the jurors asked whether they must believe all the testimony, or could disbelieve part of it. The court answered orally that they could reject, etc., and this was adjudged within the prohibition of the statute, and an error sufficient for reversal.

It was said by the supreme court of the United States in *Hopt v. People of the Territory of Utah,* 104 U. S. 631, that:

"The object of these provisions is to require all the instructions given by the judge to the jury to be reduced to writing and recorded, so that neither the jury, in deliberating upon the case, nor a court of error, upon exceptions or appeal, can have any doubt what those instructions were; and the giving without the defendant's consent, of charges or instructions to the jury, which are not so reduced to writing and recorded, is error. (*Feriter v. State,* 33 Ind. 283; *Missouri v. Cooper,* 45 Mo. 64; *People v. Sanford,* 43 Cal. 29; *Giles v. People,* 1 Colo. 60; *State v. Potter,* 15 Kan. 302.")

We understand it to be here specifically stated by the supreme court of the United States, by Mr. Justice Gray, that the object of these provisions is to require all the in-

structions to be in writing, and that one of the objects is that the jury may have all that has been said to them on the subject by the court in writing, for the purpose of "deliberating upon the case." And the statement of the supreme court is absolute, that the "giving, without the defendant's consent, of charges or instructions to the jury, which are not so reduced to writing and recorded, is error."

It is said in Thompson on Trials, section 2375, that: "Statutes exist in several of the states, requiring the judge to deliver his instructions to the jury in writing. These statutes are mandatory; and where they exist, the giving of an oral instruction is error, for which a judgment will be reversed. They mean that the whole charge must be in writing, and that it should be delivered to the jury literally as it is written." Citing many cases.

And it was said in section 2377, that:

"Nor may he (the judge) give written instructions to the jury, and then explain or modify them orally. In like manner under a statute requiring the judge to charge the jury in writing, it is error to give a written charge accompanied with verbal .modifications or explanations. The charge and every modification of it, must be in writing. * * * The court has gone so far as to hold that it is error to amend an instruction by the oral substitution of a material word—as the word 'fairly' in place of the word 'strictly.' " (Provines v. Heaston, 67 Ind. 482.)

I submit that the important case of State v. Potter, by Judge Brewer, 15 Kan, 234, has been misapprehended by the court, and its doctrine misapplied. After making an extensive review of cases from which the true rule might be ascertained, Judge Brewer expressly declared that: "Our

(the Kansas) statute is not so specific or minute in its restriction upon the action of the court as those of several other states."

And this should be observed in this case, since the statute upon which the supreme court of Kansas then passed provides, that: "The judge must charge the jury in writing, and the charge shall be filed among the papers of the case." While the statute which we are here now interpreting was adopted from the California Code of Criminal Procedure, with the opinions theretofore already expressed by the supreme court of California which we have, so far as the reports of that state are accessible to us, hereinbefore recited, and which provides, that: "All instructions given shall be in writing, unless waived by both parties, and shall be filed and become a part of the record in the case."

Judge Brewer says further that the language of the Kansas statute "is general, and simply calls for a written charge, and requires it to be filed among the papers." The Kansas statute is not in express terms exclusive of oral instructions, but the exclusion of such instructions is by inference only, and the statute simply requires that the instructions be "filed among the papers"; while the statute which it is our duty to interpret now, and apply, is expressly exclusive in its terms of all oral instructions, since it provides, that: "All instructions given shall be in writing, unless waived by both parties," and it expressly provides that they shall become a part of the "record in the case."

An yet, notwithstanding the fact of the greater liberality of the Kansas statute, and the fact that, as Judge

Brewer says, its "language is general, and simply calls for a written charge," the deductions made by the supreme court of Kansas are to the establishment of the following propositions, which it says are a just construction of the effect to be given to the Kansas statute:

"(1) The statute requiring a written charge in criminal cases is imperative, and a failure to comply with it is an error compelling reversal. (2) Where the bill of exceptions simply states that a part of the charge, or some of the instructions, were given orally, without stating the language used, the statute will be held to apply, and the judgment be reversed. (3) It is immaterial whether the oral portion of the charge is given before the jury retire to consider of their verdict, or after they, having once retired, return to ask further instructions; and whether it is a separate instruction, or a mere explanation of a written instruction, it is error in either case. (4) The mere fact that an oral communication has passed from the court to the jury is not of itself proof that the statute has been disregarded; but the court may properly make oral statements to the jury in reference to the form of the verdict, the manner in which the trial has been conducted, the behavior of the jury or counsel or parties, or any other oral statement which is not fairly and strictly a direction or instruction upon some question or rule or law involved in or applicable to the trial, or a comment upon the evidence. (5) Where a juror propounds a question to the court, it may make a direct answer without reducing the same to writing, provided in so doing it does not make an independent statement of a rule of law; in other words, where the question of the juror is a full statement of the rule, and the answer is no more than an affirmation or denial, such affirmation or denial need not be reduced to writing before it is given. It may be remarked in reference to these propositions, and especially the last, that the purpose of this statute is to secure to the defendant the exact rulings of the court, in order that he may

avail himself of any error in those rulings; that it was not intended to cast any unnecessary burdens upon the court, or to hamper or restrict communications between the court and jury; that it should be so construed as fairly to secure that purpose, and not made a mere weapon of technical error; that in reference to answers to questions, as there is nothing to require the questions to be reduced to writing before they are put, it would seem trifling to compel the answer to be so reduced when the answer is simply responsive, and depends for its meaning upon the unwritten question. It seems to us that, tested by this last rule, the oral statement in this case must be held not a violation of the statute, and no ground for reversal. Many words are used, but after all it amounts to no more than a negative reply to the question asked, if a party could be an accessory. The court replies that: 'There is no such thing as accessory; the party is principal or nothing.' So far as the law is concerned, it was, under the provisions of our statute applicable to this case, correctly given in the written statement made in reply to the question." (*State v Potter,* 15 Kan. 246.)

It will thus be seen that upon the proposition now in question the supreme court of Kansas lays down the rule that the court may not orally, in instructing the jury, "make an independent statement of a rule of law," but that "where the question of the juror is the full statement of the rule and the answer is no more than an affirmation or denial, such affirmation or denial need not be reduced to writing before it is given."

And this is the rule which the case of *State v. Potter* applies to the facts of the case which it then had in hand, since it said that the answer of the court was "no more than a negative reply to the question asked" by the juror.

Neither do I think that the other authorities cited by the court tended to support the proposition that independent instructions may orally be given to the jury as was, in the three several instances as stated, done by the court in this case. And I think that the cases cited as authority and upon which the decision of the court in this case is founded, relate for the most part to such matters as, in the fourth proposition laid down by the supreme court of Kansas, in *State v. Potter,* are permissible, such as oral statements to the jury "with reference to the form of the verdict, the manner in which the trial has been conducted, the behavior of the jury or counsel or parties, or any other oral statement which is not fairly and strictly a direction and instruction upon some question or rule of law involved in or applicable to the trial, or a comment upon the evidence."

The objects of the statute are that the jury shall have all instructions before them, for the purpose of "deliberating upon the case," and that nothing must be trusted to their memory of such propositions of law as have been stated to them by the court, and that no part of the law shall be given to the jury orally, relative to the case, by which room is left for errors of memory, which it is the purpose of the statute to preclude and prevent. And it is the purpose of the statute to prohibit the possibility of error, and the practice of giving an oral proposition to the jury by the court shall not be permitted even though it be identical with the written proposition theretofore given.

And it has been generally held that where the statute requires instructions to be in writing, it is error for the court to make an oral change in the written instructions,

modifying or explaining them, and that the charge, and every modification of it, must be in writing, and that these statutes are generally held to be mandatory, and any failure to comply with them is error, for which a judgment will be reversed, and that in criminal cases it must be strictly complied with. (11th Amer. & Eng. Ency. of Law, p. 261, citing: *Miller v. Hampton,* 37 Ala. 342; *Toledo, etc. R. R. Co. v. Daniels,* 21 Ind. 256; *Dixon v. State,* 13 Fla. 636; *Widner v. State,* 28 Ind. 394; *Stratton v. Paul,* 10 Iowa 139, and many other cases.)

I think the judgment should have been reversed, and the cause remanded for a new trial. I am authorized to say that this dissenting opinion is concurrd in by Hainer, J.