# THE STATE OF NORTH DAKOTA, Respondent, v. CHARLEY MITCHELL, Appellant.

### (193 N. W. 310.)

**Criminal law — law that instructions be first reduced to writing unless given orally by consent and taken down in shorthand held mandatory.**
Section 10,822 of the Compiled Laws of North Dakota for 1913, which requires that "all instructions must first be reduced to writing, unless by consent of both parties entered in the minutes, the instructions are given orally and taken down by the stenographer of the court, in shorthand," is mandatory.

Opinion filed April 21, 1923.

Criminal Law, 16 C. J. § 2467 p. 1031 n. 95, p. 1032 n. 97.

Appeal from the District Court, Williams County, *Lowe,* J.

Reversed and remanded.

*W. G. Owens* and *A. J. Knox,* for appellant.

There is no statute of any character in this state which provides that the purchaser of liquor is not an accomplice of the seller, and the Laws of 1921 for the state of North Dakota, chapter 97 practically makes the purchaser an accomplice of the seller.    Marcno v. State, 84 Tex. Crim. Rep. 660, 145 S. W. 156; People v. Kinsey, 51 Cal. 278.

The jury on the second trial found the defendants guilty of manslaughter, but failed to find on the issues raised by the plea of former acquittal, and were discharged without a verdict on these issues.    A judgment having been entered against the defendants on the verdict, convicting them of manslaughter, they have appealed from the judgment and from the order denying a new trial, if there be a plea of not guilty and a plea of former conviction or acquittal, the defendant is entitled to a verdict on each plea, and until there is such a verdict there can be no judgment of conviction.    People v. Kinsey, 51 Cal. 278; People v. Halbing, 58 Cal. 567; People v. O'Leary (Cal.) 16 Pac. 884; People v. Fuqua, 61 Cal. 577; State v. Kieffer, 17 S. D. 67, 95 N. W. 289.

That where pleas of not guilty and former jeopardy have been interposed in a criminal action, there must be a verdict on both pleas before a judgment can be entered against the defendant.

*F. W. McGuiness,* State's Attorney, and *U. L. Burdick,* Special prosecutor, for respondent.

In construing this statute, it has been repeatedly stated by this court that keeping intoxicating liquor for sale, or the selling of intoxicating liquors, contrary to the provisions of law, or both the keeping for sale and the selling, do not constitute the maintenance of a common nuisance within its terms.    They are but evidences of the offense. · The keeping of the place where the prohibited act or acts are done by the defendant is what the statute inhibits in this form of action.    State v. Dellaire, 4 N. D. 314, 60 N. W. 988; State v. Thoemke, 11 N. D. 386, 92 N. W. 480; State v. Rozum, 8 N. D. 558, 80 N. W. 477.

State v. Kelly, 13 N. D. 122, 99 N. W. 1077.

In liquor cases purchasers are not accomplices.    See 16 C. J. p. 683; 15 R. C. L. § 167, p. 400.

Where the defendant raises no objection to the failure of the court to comply with some very technical rule, such as the obtaining of oral

consent of parties entered in the minutes to the giving of an oral charge instead of a written one, and it appears that the parties and counsel were present at the giving of the charge and raised no objection thereto, and the charge is, in fact, not prejudicial in any way to the party making the objection, the objection is not well taken. See 17 C. J. p. 353, § 3712 (B) ; 1 N. W. 291; 11 Enc. Pl. & Pr. p. 266.

The defense of former jeopardy, like any other affirmative defense, must be proven, to some extent at least. The authorities submitted by appellant no doubt state the law, but they are not applicable, as there is no evidence in this case in support of the plea. See R. C. L. p. 120; State v. Webb, 36 N. D. 235, 162 N. W. 358; State v. Dewees, 76 S. C. 72, 11 Ann. Cas. p. 991 and note p. 994, citing California, Iowa, and many other states. People v. Ammerman, 118 Cal. 53, 50 Pac. 15; State v. Keifer, 17 S. D. 67, 95 N. W. 291.

BIRDZELL, J. This is an appeal from a judgment convicting the defendant of keeping and maintaining a nuisance. A number of errors are assigned, but, inasmuch as the record clearly shows a mistrial in the matter of the instructions to the jury, it will not be necessary to refer to any of the other assignments.

The certified transcript contains the following:

"Counsel having finished argument to the jury, the attorney for the defendant being present at all times and making no objection or suggestion and the court overlooking the obtaining of consent to the giving of an oral charge, the following oral charge was given by the court to the jury."

The giving of the oral charge is assigned as error. Section 10,822, Comp. Laws, 1913 reads:

"In charging the jury, the court shall only instruct as to the law of the case, and all instructions must first be reduced to writing, unless by consent of both parties entered in the minutes, the instructions are given orally and taken down by the stenographer of the court, in shorthand."  .  .  .

This statute is clearly mandatory in its requirements that the instructions first be reduced to writing. The defendant on trial has a right to assume that the statute will be complied with and his silence can not be construed as consent. In the absence of inquiry it could not

be known whether or not he was willing to assent to an oral charge being given. The court makes it clear in the transcript that such consent was not obtained. It follows that there was a mistrial and that the judgment must be reversed. See People v. Sanford, 43 Cal. 29; Gile v. People, 1 Colo. 60; State v. Potter, 15 Kan. 302; Hopt v. People, 104 U. S. 631, 26 L. ed. 873, 4 Am. Crim. Rep. 365; 2 Thomp. Trials, 2d. ed. § 2375.

Reversed and remanded for a new trial.

Bronson, Ch. J., and Johnson, Christianson, and Nuessle, JJ., concur.