[Cr. File No. 108.]

## STATE OF NORTH DAKOTA, Respondent, v. WENDELIN SCHELL, Appellant.

(256 N. W. 416.)

Opinion filed October 3, 1934.

*Alvin Strutz* and *Robert A. Birdzell,* for appellant.

128

*P. O. Sathre,* Attorney General, *Max A. Wishek,* State's Attorney, and *J. K. Murray,* for respondent.

CHRISTIANSON, J. The defendant was convicted of rape in the second degree, and appeals from the judgment of conviction and from the order denying his motion for a new trial.

The first assignments of error are predicated on rulings on evidence. The prosecutrix was permitted to testify concerning certain alleged acts of illicit intercourse between her and the defendant at times prior to the one which forms the basis of the charge in the information. Apparently appellant's counsel does not deny that evidence of prior acts is admissible; but it is claimed that in this case undue emphasis was placed on these acts, and that altogether too much of the testimony of the complaining witness related thereto.

It is well settled that in prosecutions for rape upon one under the age of consent acts of sexual intercourse between the parties prior to the act charged in the indictment or information may be given in evidence as tending to sustain the principal charge by showing the relation and intimacy of the parties, their disposition and antecedent conduct toward each other and as corroborative of the testimony of the prosecutrix touching the particulars relied upon for a conviction. State v. Marty, 52 N. D. 478, 491, 203 N. W. 679; 22 R. C. L. 1205; Underhill, Crim. Ev. 3d ed. § 156. We are aware of no rule or reason requiring that the testimony of the prosecutrix be restricted as regards such prior acts. In the very nature of things if her testimony were restricted to a lesser number of acts than those which actually took place, the jury would not be afforded a true picture of the relations between the parties. The evidence of the prior acts was admissible, and there is nothing in the record to show that it was admitted or permitted to be considered by the jury for purposes other than those for which the evidence was properly admissible. In its instructions the trial court limited the effect of the evidence and the purpose for which the jury might consider it.

The next assignment of error challenges the correctness of rulings made by the trial court in overruling defendant's motion to direct a verdict of not guilty made at the close of the state's case and again at the close of all the evidence. The assignments are not well founded. Under our laws the trial court may not direct a verdict in a criminal action. It may only advise the jury to return a verdict of not guilty but the jury is not bound by the advice, consequently the trial court committed no error in denying these motions. State v. Wright, 20.

N. D. 216, 126 N. W. 1023, Ann. Cas. 1912C, 795; State v. Albertson, 20 N. D. 512, 128 N. W. 1122. See also State v. Drapeau, 45 S. D. 507, 189 N. W. 305. Furthermore, the evidence in this case was sufficient to require that the case be submitted to the jury; and it is sufficient to sustain the verdict which was returned. The prosecutrix testified positively that the defendant had illicit sexual relations with her on the date charged in the information and the undisputed evidence is to the effect that at that time the complaining witness was under eighteen years of age and the defendant over twenty years of age and that the prosecutrix was not the wife of the defendant.

Error is also assigned on the court's instructions to the jury. In the course of the instructions the trial court referred to the testimony of the defendant and his denial of all sex relations with the prosecutrix. At the conclusion of a narration of the defendant's testimony the court stated: *"Now, of course, if you believe that the evidence of the defendant establishes these facts, then it will be your duty to find the defendant not guilty,* or if the state has failed to prove him guilty beyond a reasonable doubt, then it is your duty to find him not guilty."

It is asserted that the italicized portion of this instruction is erroneous and that it in effect placed the burden of proof upon the defendant. While the instruction is not phrased in the happiest language and standing alone might be susceptible of the construction suggested, when it is considered in light of the circumstances in which it was given and the other instructions given by the court, we do not believe that it could possibly have resulted in any prejudice to the defendant. The language to which objection is made was used after the court had narrated the testimony of the defendant. In the testimony so narrated the defendant had denied all illicit relations with the prosecutrix, and it was with reference to this that the trial court stated that if the jury believed the defendant's testimony it would be their duty to find him not guilty. This, of course, was strictly correct. If they believed his testimony they must find the defendant not guilty. The court did not say or intimate that if they disbelieved or doubted defendant's testimony they would be warranted in finding him guilty. On the contrary, immediately following the language to which objection is taken the court stated: "or if the state has failed to prove him guilty beyond reasonable doubt, then it is your duty to find him not guilty."

Elsewhere in the instructions the court stated:

"When the defendant was arraigned under this information he entered a plea of not guilty, which plea makes it incumbent upon the state to prove all of the material allegations of the information to be true to your satisfaction beyond a reasonable doubt. If the state has done this, then it is your duty to find the defendant guilty. If the state has not done this, then it is your duty to find the defendant not guilty.

"The defendant comes into court clothed with the presumption of innocence. Every person accused of crime is presumed to be innocent, and such presumption continues in his favor until proof of his guilt is established by competent evidence beyond a reasonable doubt.

"I have instructed you that the burden of proof is upon the state to establish the truth of each material allegation of the information beyond a reasonable doubt before you can find the defendant guilty as charged."

(Then follows a recital of the material allegations of the information among which is the following:

"That on or about the 2nd day of August, 1932, in this county of McIntosh and State of North Dakota, the defendant, Wendelin J. Schell, had sexual intercourse with the said LaVern Giedt.")

"If the state has established to your satisfaction beyond a reasonable doubt and to a moral certainty that the defendant, Wendelin J. Schell, had sexual intercourse with the complainant, namely LaVern Giedt, on or about the 2nd day of August, 1932, in McIntosh County, North Dakota; that she was at the time of the intercourse under 18 years of age, and he was at that time over the age of 20 years; and they were not husband and wife, then it is your duty to find the defendant guilty. If the state has failed to establish any one of these facts to your satisfaction beyond a reasonable doubt, then it is your duty to acquit him."

The next and the final assignments of error are predicated upon certain proceedings had after the case had been submitted to the jury. The record discloses that after the jury had deliberated for some time they were brought into court and reported they were unable to agree on a verdict. The court inquired whether they desired further instructions or if there was anything they desired to state. The foreman replied:

"Well, I don't know if we should have further instructions, or how we should put it up. I don't know. We can't agree. There is one side claims there was not enough evidence here that this man had in-

tercourse with that girl, that it was not testified to, and the other side claims there was."

The court stated that he did not understand the situation that was troubling the jury and asked whether the jurors were disagreed as to what the testimony was. The foreman answered that it was "something like that." Thereupon the court asked if there was any testimony, that they desired to have read and, if so, the court reporter would read it. The foreman then answered, in effect, that the question on which the jurors were disagreed was whether they must consider only the testimony of the prosecutrix and the defendant or whether they should also consider the testimony of the other witness who had testified. In answer to this question the court stated that the jury must consider the testimony of all the witnesses and that they should not merely consider the testimony of the prosecutrix and the defendant. A juror then asked if that applied to both sides to which the court answered in the affirmative. The court thereupon informed the jury that he had no right to comment on the evidence and that it was for the jury to decide what witness or witnesses had told the truth and who had not. There was some further colloquy between the judge and the jurors during the course of which the court, in response to a question or statement by a juror, informed the jury that if they believed the testimony of the prosecutrix they might return a verdict accordingly even though such testimony was not corroborated. Other questions were asked relating to a witness whose name appeared on the information but who had not been called to testify. The court informed the jury that they could not speculate as to what a witness who had not been called might have testified to, or what he knew or might not know.

There is no contention that the court reporter failed to make a complete and accurate record of what occurred. On the contrary, it is conceded that this was done; and the appellant has presented to this court a transcript of the proceedings then had, certified to by the official court reporter as a record of what took place. In short, there is no uncertainty as to what occurred (People v. Hersey, 53 Cal. 574, 575), but an exact record was made so that the defendant was and is in position to avail himself of any error that might have been made (State v. Potter, 15 Kan. 302) that might have had a tendency to prejudice his substantial rights.

It is contended by the appellant, however, that the statements made by the court should have been reduced to writing and that the failure to do so and submit the same to the jury constitutes prejudicial error. This contention is predicated upon § 10,822, Comp. Laws 1913, which reads as follows:

"In charging the jury, the court shall only instruct as to the law of the case, and all instructions must first be reduced to writing, unless by consent of both parties entered in the minutes, the instructions are given orally and taken down by the stenographer of the court, in shorthand. Either party may request instructions to the jury. Each instruction so requested must be written on a separate sheet of paper, and may be given or refused by the court, and the court shall write on the margin of such requested instructions which he does not give the word 're- fused,' and all instructions asked for by either party shall be given or refused by the court without modification or change, unless modified or changed by the consent of the counsel asking the same."

In our opinion the remarks of the trial court to which exception is taken do not come within the purview of § 10,822, supra. These re- marks were made in response to a request made and questions pro- pounded by the jury after the cause had been submitted to the jury for determination and are governed by § 10,871 Comp. Laws 1913, which reads as follows:

"After the jury have retired for deliberation, if there is a disagree- ment between them as to any part of the testimony, or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court the information required must be given in the presence of, or after notice to the state's attorney and the defendant or his counsel, or after they have been called."

Section 10,871, supra, has been a part of the statutory law of this jurisdiction since territorial days. It is found in its present form in the territorial code of 1877. See, § 384, Code Crim. Proc. 1877. At the time of its enactment as a part of the territorial code of 1877 there was adopted as a part of the same code another section providing that instructions to the jury must be in writing. Code Civ. Proc. 1877, § 248.

The requirement that no court shall instruct the "jury in any case,

civil or criminal, unless such instructions" are first reduced to writing was the law in this jurisdiction from 1877 until the adoption of the Revised Codes of 1895. See, Laws 1887, § 5048; Laws 1893, chap. 84. In the Revised Codes of 1895 the statutory provisions relating to instructions to the jury were revised and the provision relating to instructions in civil cases was made a part of the Code of Civil Procedure (Rev. Codes 1895, § 5432) and the one relating to instructions to a jury in criminal cases was made a part of the Code of Criminal Procedure (Rev. Codes 1895, § 8176). The latter provision has been retained without change and is § 10,822 Comp. Laws 1913.

It is significant that at the time of the original enactments the territorial lawmakers made an obvious distinction between instructions given to a jury before retiring and instructions or information given to the jury at their own request after the jury had entered upon its deliberations. As regards the instructions proper, that is, instructions given to the jury before retirement the legislative assembly specifically provided that such instructions must be in writing; but as regards instructions that might be given after the jury had retired there was no such requirement. It was merely provided that such information or instruction, "must be given in the presence of, or after notice to the state's attorney and the defendant or his counsel; or after they have been called."

The action of the codifiers who prepared and the lawmakers who adopted the 1895 Revised Codes is equally significant. As has been indicated, the statutory provisions relating to instructions to juries were carefully revised. Instead of instructions in civil and criminal cases being covered by one provision a section was embodied in the Code of Civil Procedure relating to instructions to juries in civil actions (Rev. Codes 1895, §§ 5432–5433) and a section relating to instruction in criminal cases was embodied in the Code of Criminal Procedure (Rev. Codes 1895, § 8176). In each of these provisions the former language was modified or changed so as to eliminate the mandatory requirement that all instructions must be in writing and so as to permit oral instructions to be given upon the consent of both parties entered in the minutes. But, notwithstanding this change in the statutes regarding instructions to be given to the jury before retirement, no change whatever was made in the provision relating to instructions or informa-

tion to be given to the jurors upon their request after they had commenced their deliberations; that provision remained precisely as it originally had been embodied in the Revised Codes of 1877.

Section 10,871, supra, clearly contemplates that when, in the course of their deliberations, a disagreement arises as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, the jurors may request to be brought into court and upon being brought into court the information required "must be given in the presence of, or after notice to the state's attorney and the defendant and his counsel, or after they have been called." Obviously the information or instruction can come only in response to certain statements or inquiries submitted by the jury. There is no requirement that the jury must submit their request or inquiries in writing. On the contrary, the clear implication of the statute is that this is not required. It contemplates rather that the jury shall have easy access to the court and full opportunity to obtain such information or instruction as may become necessary to enable them to properly and intelligently discharge their duties. The statute negatives any intention to hamper or restrict the communications between the court and the jury. An answer is oft misleading or meaningless unless the question to which the answer is given is also known. In short, in order to understand an answer it is generally essential to know what question or statement produced that particular answer. If it is essential that the trial court's response to a request or inquiry by a jury be made in writing, then it seems it would, also, be necessary that the question or statement which brought forth the answer be submitted in writing.

The record here discloses that the questions submitted by the jury were stated orally; that some interrogations were propounded by the foreman and some by a juror or jurors. The proceedings were had in strict compliance with § 10,871, supra. After they had retired for deliberation the jurors were brought into court at their request to be informed or instructed concerning certain matters. And, "upon their being brought into court, the information was given in the presence of the state's attorney, the defendant and his counsel."

Appellant cites State v. Mitchell, 49 N. D. 726, 193 N. W. 310, and State v. Hanson, 53 N. D. 879, 207 N. W. 1000. Neither of those decisions are applicable or controlling here. In State v. Mitchell, su-

pra, the instructions proper, that is, the original instructions to the jury, were given orally and without the consent of the defendant. In State v. Hanson, supra, the jury were returned into court for additional instructions. The instructions were given orally, and it was held that in the circumstances of that case the defendant was in no position to predicate error upon the oral instructions but that the error, if any, was waived. Hence, the precise question involved here was not involved or decided in either case.

Appellant has also cited certain authorities from other states to the effect that where the statute requires instructions to be in writing this requirement applies as well to instructions given after retirement as to the original instructions given before the jury retires. Appellant places special reliance upon certain decisions of the Supreme Court of Montana. An examination of all the authorities cited discloses that they involve statutory provisions different from our own. It is true the state of Montana has a statute identical with § 10,871, supra; but there were other statutes in force in Montana quite unlike the laws in force in this state that had a direct bearing upon the question whether instructions given at the jury's request, after their retirement, must be in writing.

The original decision in Montana (State v. Fisher, 23 Mont. 540, 59 P. 919), cited and relied upon by appellant, was rendered under statutes which not only provided that the instructions must be in writing but which further provided that the court must not "in any case, make any oral comments to the jury on the instructions, unless by agreement of both parties." Montana Penal Code 1895, § 2070, subd. 6.

We are agreed that it is not contemplated under our laws that instructions or comments, made by the court under § 10,871, supra, upon the request of a jury that is brought into court after the jury has commenced its deliberations, must be given in writing.

While the exceptions taken to the remarks or instructions of the court assert that these remarks were erroneous in substance, this assertion is not supported by any argument whatsoever, and an examination of what was said by the trial court fails to disclose that there was any misdirection either as to the law or the facts.

It follows therefore that the judgment and order appealed from must be affirmed. It is so ordered.

BURR, Ch. J., and BURKE, NUESSLE and MOELLRING, JJ., concur.